# Richmond

UNEMPLOYMENT COMPENSATION COMMISSION OF VIRGINIA
v. STEVE TOMKO, ET ALS.

UNEMPLOYMENT COMPENSATION COMMISSION OF VIRGINIA
v. CARL FLETCHER, ET ALS.

UNEMPLOYMENT COMPENSATION COMMISSION OF VIRGINIA
v. JOHN CALL, ET ALS.

J. F. GREER, ET ALS. v. UNEMPLOYMENT COMPENSATION
COMMISSION OF VIRGINIA, ET AL.

June 18, 1951.

Record Nos. 3784, 3805, 3827, 3834.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*J. Lindsay Almond, Jr., Attorney General,* and *Kenneth C. Patty, Assistant Attorney General,* for appellants, Unemployment Compensation Commission of Virginia.

*B. F. Sutherland, S. H. & Geo. E. Sutherland* and *W. Clyde Dennis,* for appellants, J. F. Greer, et als.

*Henry M. Bandy,* for appellees, Steve Tomko, et als., Carl Fletcher, et als. and John Call, et als.

*J. Lindsay Almond, Jr., Attorney General, Kenneth C. Patty, Assistant Attorney General, H. Claude Pobst* and *Marjorie Coleman,* for appellees, Unemployment Compensation Commission of Virginia, et al.

EGGLESTON, J., delivered the opinion of the court.

Approximately one thousand unemployed miners filed with the Unemployment Compensation Commission their respective claims for benefits under the Virginia Unemployment Compensation Act (Code, § 60-1 *ff.*). Upon a hearing, after due notice to all claimants and their respective last employers, the Commission denied all of the claims except those of two individuals who had been employed on a part-time basis at the Consumers Mining Corporation in Tazewell county. The rights of these two claimants are not involved on the present appeal.

From this decision the other claimants who had been last employed at mines located in the counties of Tazewell, Wise, Dickenson, Russell and Buchanan, filed appeals in the respective circuit courts of these counties under the provisions of Code, § 60-55.

The Circuit Court of Tazewell county affirmed the decision of the Commission and from that action no appeal to this court has been taken.

The Circuit Courts of Wise, Dickenson and Russell counties entered decrees reversing the orders of the Commission and

holding that the several claimants who had invoked the jurisdiction of these respective courts were entitled to recover the benefits sought. We granted appeals in each of these cases to the Commission. (Record Nos. 3784, 3827, 3805.)

The Circuit Court of Buchanan county entered a decree affirming the order of the Commission denying the claims asserted in that court, and we granted an appeal in that case to the claimants. (Record No. 3834.)

The sole question presented to us is whether the evidence with respect to the several claims asserted in the four cases sustains the finding of the Commission that these claimants are not entitled to unemployment benefits under the statute.

A fair summary of the evidence is as follows: On June 25, 1948, the International Union, United Mine Workers of America, of which the claimants are members, entered into an agreement with the operators of the mines with respect to the wages and working conditions of the member' miners. By its terms this agreement expired at midnight on June 30, 1949, and prior thereto the parties, through their representatives, began negotiations for a new contract. These efforts were unsuccessful and on June 30, 1949, the Union, acting through John L. Lewis, its president, and other officers, issued a directive or proclamation requiring all members of the Union to return to work on July 5, 1949 (that being the end of the vacation period as fixed in the previous agreement), and thereafter, until further notice, to work only three days a week, under the same terms, wages, hours and conditions of employment as provided for in the previous agreement between the Union and the operators of the mines.

This directive remained in effect from its issuance until March 6, 1950, when the representatives of the Union and the mine operators executed a new agreement. The Commission found as a fact that while the directive was in effect the claimants were willing to work in the production of coal only three days a week.

None of the operators involved in this proceeding consented to the directive, although some of them, having no alternative, accepted the work of the men for the limited number of days per week.

There is no dispute as to the fact that each of the claimants now before us was unemployed at the time his claim was filed and at the time of the hearing before the Commission. While

the Commission held that the unemployment of certain other claimants was brought about by the directive, which disqualified them under Code, § 60-47 (d), from receiving unemployment benefits, this was not true as to any of the particular claimants now before us. It is conceded that the claimants with whose rights we are now concerned were out of work because of economic causes for which they were not responsible, such as a lack of demand for coal, a curtailment of operations, or a closing of the mines. Indeed, the evidence shows that some of the mines involved had shut down or were operating for a limited time only, before the issuance of the directive.

The Commission based its denial of the claims on the ground that since claimants, in obedience to the directive, were willing to accept work for only a restricted period of three days a week, instead of for the full number of days a week which was usual and customary in their occupation of producing coal, they were not "available for work" and hence were not "eligible to receive benefits" under Code, § 60-46.

In their written opinions the Circuit Courts of Wise and Dickenson counties based their conclusion that the claimants were entitled to benefits on the ground that their unemployment was not due to the fact that they were not "available for work," but to the fact that there was no work available for them in their usual occupation. The Circuit Court of Russell county filed no written opinion, but it is agreed that that court reached the same conclusion by a like reasoning.

This is not, in our opinion, a proper conception of the vital section of the Act here involved. Code, § 60-46, which is entitled *"Benefit eligibility conditions,"* provides that "An unemployed individual shall be eligible to receive benefits with respect to any week only if the Commission finds" that certain specified conditions have been satisfied. Among these is the condition that the unemployed individual "is available for work."

As used in the statute, the words "available for work" imply that in order that an unemployed individual may be "eligible to receive benefits" he must be willing to accept any suitable work which may be offered to him, without attaching thereto restrictions or conditions not usual and customary in that occupation but which he may desire because of his particular needs or circumstances. Stated conversely, if he is unwilling to accept work in his usual occupation for the usual and customary

number of days or hours, or under the usual and customary conditions at or under which the trade works, or if he restricts his offer or willingness to work to periods or conditions to fit his particular needs or circumstances, then he is not available for work within the meaning of the statute.

The courts have universally held that a claimant who undertakes to limit or restrict his willingness to work to certain hours, types of work, or conditions, not usual and customary in the trade, is not "available for work."

In *Ford Motor Co.* v. *Appeal Board,* 316 Mich. 468, 25 N. W. (2d) 586, it was held that a claimant who restricted her availability for employment to the afternoon shift in order that she might care for her two children earlier during the day, was not "available for work" so as to be eligible for unemployment compensation benefits. Other cases of like import are referred to in that opinion. See also, *Corrado* v. *Director of Division of Unemployment,* 325 Mass. 711, 92 N. E. (2d) 379; *Valenti* v. *Board of Review,* 4 N. J. 287, 72 A. (2d) 516; *Mills* v. *South Carolina Unemployment Compensation Comm.,* 204 S. C. 37, 28 S. E. (2d) 535.

The same principle, we think, applies in the cases now before us.

In order to recover compensation benefits under the statute the burden is on the claimant to show that he has met the benefit eligibility conditions, which in this case is unrestricted availability for work. *Department of Industrial Relations* v. *Tomlinson,* 251 Ala. 144, 36 So. (2d) 496, 497; *Haynes v. Unemployment Compensation Comm.,* 353 Mo. 540, 183 S. W. (2d) 77, 80.

This burden the claimants have not borne in the present cases. Here the great preponderance of evidence shows, if indeed it is not conceded, that these claimants, in obedience to the directive, were willing to work only three days per week instead of five days per week, as is usual and customary in the industry. While the directive was in effect, to serve their purposes, they were unwilling to work according to the usual weekly schedule which obtained in the industry.

If a group of unemployed individuals may restrict their working schedule to three day per week and yet be deemed available for work so as to entitle them to unemployment benefits,

why may not they, or another group, restrict their employment to one day per week, or even to a shorter period, and recover such benefits?

The argument of claimants that the issuance of the directive did not cause their unemployment is entirely beside the point. Had that been the situation they might have been disqualified from receiving benefits under Code, § 60-47(d), on the ground that their unemployment had been "due to a stoppage of work * * * because of a labor dispute." *Ford Motor Co.* v. *Unemployment Compensation Comm.*, 191 Va. 812, 63 S. E. (2d) 28. But since, as we have said, the Commission held that these particular claimants were not unemployed due to a stoppage of work caused by a labor dispute, no such question of their disqualification is here involved.

We are here concerned with the *eligibility* of claimants to compensation under section 60-46, which is an entirely different matter from their *disqualification* under section 60-47. See *Valenti* v. *Board of Review, supra* (72 A. (2d) at page 518).

Nor do we agree with the reasoning of the trial courts that because, due to economic conditions, there was no work available for claimants the Commission erred in finding that they were not available for work.

The primary purpose of the Act is to provide temporary financial assistance to workmen who become unemployed through no fault of their own. *Ford Motor Co.* v. *Unemployment Compensation Comm., supra* (191 Va., at page 824, 63 S. E. (2d), at pages 33, 34). The involuntary unemployment for which the Act is designed to provide, presupposes a lack of available work. Where work is available there can be no involuntary unemployment within the meaning of the Act.

But mere unemployment arising from the economic troubles of the employer does not satisfy the eligibility requirements of section 60-46 and entitle the unemployed person to compensation benefits. To be entitled to such benefits the individual must be unemployed because of lack of work and yet must be available for work. He must be ready and willing to accept work without attaching to his willingness to work restrictions or conditions not usual or customary in the occupation, and this is so even though there be no work at hand or available to him.

We agree with the Commission that because of the restrictions which the claimants, in obedience to the directive, imposed

upon their willingness to work, they were not available for work within the meaning of section 60-46, and hence were not "eligible to receive" unemployment benefits. See *Leclerc* v. *Administrator, Unemployment Compensation Act,* 137 Conn. 438, 78 A. (2d) 550.

For these reasons the decrees entered by the Circuit Courts of Wise, Dickenson and Russell counties (Record Nos. 3784, 3827, 3805, respectively) are reversed and the orders of the Unemployment Compensation Commission in these cases reinstated. The decree entered by the Circuit Court of Buchanan county (Record No. 3834) is affirmed.

*Reversed.*

*Affirmed.*