# Richmond

DAN RIVER MILLS, INCORPORATED v. UNEMPLOYMENT COM-
PENSATION COMMISSION OF VIRGINIA AND
CAROLYN P. JONES.

May 3, 1954.

Record No. 4204.

Present, Hudgins, C.J., and Eggleston, Spratley, Miller, Smith
and Whittle, JJ.

The opinion states the case.

*Frank Talbott, Jr.* and *Kenneth C. Patty*, for the appellant.

*J. Lindsay Almond, Jr., Attorney General* and *H. Coleman McGehee, Jr., Assistant Attorney General*, for the appellee.

Eggleston, J., delivered the opinion of the court.

In June, 1952, Carolyn P. Jones, a former employee of Dan River Mills, Incorporated, filed with the Unemployment Compensation Commission of Virginia a claim for benefits under Code, sec. 60-48. Pursuant to section 60-49 the claim was examined by a deputy commissioner who determined that the claimant was able to work and available for work in the area where she then resided, and hence was eligible to receive benefits under section 60-46(c), but that because she had "voluntarily left her last employment without good cause, she should be disqualified from receiving benefits for a period of five weeks" under section 60-47(a). The appeal tribunal, constituted under section 60-51, and the Commission, on review under section 60-52, affirmed the deputy's decision. The employer filed its petition for appeal and judicial review in the Corporation Court of the city of Danville, and from a decree affirming the decision of the Commission the present appeal has been taken.

The main facts are not in dispute. The claimant, who was employed as a comb tender by appellant at its textile plant at Danville, Virginia, voluntarily quit work on June 9, 1951, to join her husband who was attending school in Chicago. In September, 1951, she went to Norfolk, Virginia, to be with her ill sister and remained there until June, 1952, when she moved to Laurens, South Carolina. Her claim for unemployment benefits was filed on June 19, 1952.

The employer was notified of the claim and in filing the usual "separation report" noted thereon that it could "use this

claimant on her old job if she is available for work." During the taking of her testimony in support of her claim the claimant was first notified that her former employer had indicated that she might return to her "old job." When asked by the examiner whether she would be "interested," she replied, after some hesitation, "Well, yes, I would accept going back there if they give me my same job back that I had first." But she did not seek employment with her former employer, nor did it make her any direct offer of re-employment. In the meantime she had unsuccessfully sought employment at the several textile mills located at Laurens, where she lived, those at Clinton some eight miles away, and those at Spartanburg some thirty-six miles from Laurens. The evidence is undisputed that she was able to work and actively and earnestly looked for work in the area in which she was then residing. She registered weekly with the South Carolina Employment Service in Clinton, stating her availability for work and placing no restrictions on the type of work she would accept, or the hours or wages during and for which she would work, and the deputy commissioner so found.

The question presented is whether the claimant, under the circumstances stated, is eligible to receive compensation benefits under Code, § 60-46.[1]

The appellant-employer contends that one who voluntarily quits his employment without good cause and due to no fault

---

[1] "§ 60-46. *Benefit eligibility conditions.*—An unemployed individual shall be eligible to receive benefits with respect to any week only if the Commission finds that:

"(a) He has registered for work and thereafter has continued to report at an employment office in accordance with such regulations as the Commission may prescribe, except that the Commission may, by regulation, waive or alter either or both of the requirements of this subsection as to such types of cases or situations with respect to which it finds that compliance with such requirements would be oppressive, or would be inconsistent with the purposes of this title.

"(b) He has made a claim for benefits in accordance with such regulations as the Commission may prescribe.

"(c) He is able to work, and is available for work.

"(d) He has served a waiting period of one week during which he was eligible for benefits under this section in all other respects, and has not

of his employer, and moves to another locality, "is *ipso facto* not available for work as that term is used in the statute," and therefore not eligible for benefits.

The appellees say that eligibility for benefits under section 60-46 is not conditioned upon whether the employee has voluntarily quit his employment without good cause and moved to another locality, and that if such employee has met the conditions expressly specified in the section, and is available for work in the community in which he has taken up his new residence, he is eligible for benefits, but subject to a "disqualification for benefits" for a period of five consecutive weeks for having "left work voluntarily without good cause," under Code, § 60-47 (a).[2] The Commission and the lower court so held.

The contention of the appellant-employer confuses the conditions for eligibility for benefits under section 60-46 with the grounds for disqualification for benefits under section 60-47. These two sections deal with different matters. A claimant must be *eligible* for benefits before his *disqualification* need be inquired into. *Unemployment Comp. Comm. v. Tomko*, 192 Va. 463, 469, 65 S. E. (2d) 524, 527, 528.

Eligibility for benefits under section 60-46 is not conditioned upon whether the employee has voluntarily quit his employment. Indeed, none of the conditions in that section relate to the cause of the employee's separation from his employment. The section specifies certain conditions for eligi-

---

received benefits; except that only one waiting period week shall be required of such individual within any benefit year.

"(e) He has within his base period earned wages in employment for employers equal to not less than the amount appearing in Column C of the 'Benefit Table' appearing in § 60-42 on the line which extends through Division D on which in Column B of the 'Benefit Table' appears his weekly benefit amount."

[2] "§ 60-47. *Disqualification for benefits.*—An individual shall be disqualified for benefits, but only after having served a waiting period as provided in § 60-46:

"(a) For five consecutive weeks, if it is determined by the Commission that such individual is, during any week for which he claims benefits, unemployed because he left work voluntarily without good cause."

bility, all of which must occur after the employment has ceased. For example, the employee must show that he "has registered for work and thereafter has continued to report" to an employment office, that he has made claim for benefits, that he "is able to work and is available for work," and "has served a waiting period of one week," etc.

Section 60-47(a), on the other hand, provides that an employee, eligible for benefits under section 60-46, "shall be disqualified" for a specified number of weeks if the Commission finds that he is "unemployed because he left work voluntarily without good cause."

If voluntarily quitting his employment *ipso facto* makes the employee ineligible for benefits under section 60-46, the provision in section 60-47 for the "disqualification for benefits" for that reason serves no purpose and is entirely unnecessary.

The appellant concedes that the claimant has met the other conditions of section 60-46, but insists that because she quit her employment without good cause, she was not "available for work," within the meaning of subsection (c), and therefore was not eligible for benefits. It is true, as the appellant says, that when the claimant quit her job at Danville and moved to South Carolina she was not available for work at her former place of employment. But we do not agree that availability for work, as used in section 60-46(c), has any such narrow and constricted meaning. The language is broad and comprehensive. It provides that in order that a claimant be eligible for benefits the Commission must find that he "is able to work and is available for work." There is no requirement that he be available for work in the locality where he last resided, or was last employed.

As was aptly said of a similar situation in *Bliley Electric Co. v. Unemployment Comp. Board of Review*, 158 Pa. Super. 548, 45 A. (2d) 898, 905: "There is no requirement in the quoted section, nor elsewhere in the act, that a claimant shall be available for work in any particular place, such as the locality in which he earned his wage credits or where he last worked or resided. The mere fact that a claimant has moved

from one locality to another does not create a basis for holding him unavailable for work. If he registers for work in the new locality, and labor-market conditions there afford reasonable opportunities for work, he is available for work. Even if it appears that he might more readily have been employed had he remained in his former locality, he is nevertheless available for work if he is willing to take work for which opportunities exist in the new locality." See also, *Reger* v. *Administrator Unemployment Comp. Act*, 132 Conn. 647, 46 A. (2d) 844, 845-6; *Hollingsworth Tool Works* v. *Review Board of Indiana*, 119 Ind. App. 191, 84 N. E. (2d) 895; 55 Yale Law Journal 123, 124.

The administrative practice of the Virginia Commission has consistently applied the principle that to be "available for work" a claimant must be actively and unrestrictively seeking suitable employment in the market where he resides. Despite frequent amendments to sections 60-46 and 60-47 in other particulars, the General Assembly has not seen fit to change such administrative interpretation of these statutes.

It is well settled that where the construction of a statute has been uniform for many years in the administrative practice, and has been acquiesced in by the General Assembly, such construction is entitled to great weight with the courts. See 17 Mich. Jur., Statutes, § 58, p. 317 *ff.*, and cases there cited.

██ The appellant undertakes to support its argument that the mere act of an employee in voluntarily quitting his employment without good cause makes him ineligible for benefits by lifting from its context the first sentence of this quotation from the *Tomko* case, *supra*: "The primary purpose of the Act is to provide temporary financial assistance to workmen who become unemployed through no fault of their own. *Ford Motor Co.* v. *Unemployment Compensation Comm.*, *supra* (191 Va., at page 824, 63 S. E. (2d), at pages 33, 34). The involuntary unemployment for which the Act is designed to provide, presupposes a

lack of available work. \* \* \* " (192 Va., at page 469, 65 S. E. (2d), at page 528.)

But the second sentence of the quotation properly qualifies the first and conditions the right to receive benefits because of "involuntary unemployment" upon "a lack of available work." Moreover, as is pointed out in the succeeding paragraph, "To be entitled to such benefits the individual must be unemployed because of lack of work and yet must be available for work."

In the *Tomko* case no question of the effect of the employee's voluntarily quitting his employment was involved. There we held that employees who restricted their work days to three days a week were not "available for work," and hence not eligible to receive benefits under section 60-46 of the Act.

The act of an employee in voluntarily quitting his job is, of course, a circumstance to be considered in determining whether he is "available for work." Such conduct, coupled with other circumstances, may show that despite his avowed willingness to work he really does not want to secure other employment and hence is not "available for work." On the other hand, after quitting his job and moving to another locality, he may secure other employment which in itself shows his availability for work. Again, despite a sincere desire for and *bona fide* efforts to secure employment, none may be available. Thus the mere fact that he has quit his job without good cause and due to no fault of his employer and moved to another locality does not *ipso facto* show, as the appellant contends, that he is not "available for work" and not eligible for benefits.

The commission, in discharge of its function, after considering all of the circumstances, including the claimant's act of quitting her employment at the plant of the appellant, has found that she was "available for work" in the locality to which she moved. There is ample evidence to sustain this finding.

In our opinion the decree of the lower court was right

in holding that the claimant was available for work and eligible for benefits under section 60-46, but that because she had "voluntarily and without good cause" left her post of employment with the appellant, she was "disqualified for benefits" for five weeks pursuant to section 60-47(a). Accordingly, the decree appealed from is

*Affirmed.*