432 So.2d 723 (1983)
NORTH MIAMI GENERAL HOSPITAL INCORPORATED, Appellant,
v.
Eva L. PLAZA and Department of Labor and Employment Security, State of Florida, Unemployment Appeals Commission, Appellees.
No. 82-2011.
District Court of Appeal of Florida, Third District.
June 7, 1983.
*724 Lawrence & Daniels, Miami, Foley, Hoag & Eliot and Loyd M. Starrett and Sean M. Gorman, Boston, Mass., for appellant.
Richard S. Cortese, Tallahassee, for appellee, Unemployment Appeals Com'n.
Before SCHWARTZ, C.J., and BARKDULL and NESBITT, JJ.
SCHWARTZ, Chief Judge.
Ms. Plaza worked at the North Miami General Hospital as a respiratory therapist. Having twice turned down opportunities for full-time employment, she maintained a relationship with the hospital in which she reserved the right to accept, or, if she desired for her own personal reasons, to reject at will any offers to work which North Miami might, but was likewise not bound to extend on a day-to-day basis.
We conclude that a person who, like Ms. Plaza, works only when she wants to is not "available for work" within the meaning of Section 443.091(1)(b), Florida Statutes (1981), and that she was therefore ineligible for unemployment compensation benefits. See Florida Industrial Commission v. Ciarlante, 84 So.2d 1 (Fla. 1955) (worker who desired employment only during season not "available" out-of-season); Teague v. Florida Industrial Commission, 104 So.2d 612 (Fla. 2d DCA 1958) (same); Schmahman v. Corsi, 278 App.Div. 625, 101 N.Y.S.2d 991 (1951) (employee available for only self-restricted hours ineligible); In re Krieger, 279 App.Div. 681, 107 N.Y.S.2d 916 (1951) (same); Unemployment Compensation Commission v. Tomko, 192 Va. 463, 65 S.E.2d 524 (1951) (miner who agreed to work only three days a week although full-time work available ineligible); Mississippi Employment Security Commission v. Blasingame, 237 Miss. 744, 116 So.2d 213, 215 (1959) (worker may not attach conditions to employment "which he may desire because of his particular needs or circumstances."); Annot., "Availability for work," under unemployment compensation statute, of claimant who undertakes to restrict willingness to work, 25 A.L.R.2d 1077 (1952); 81 C.J.S. Social Security § 259 (1977); see also Smith v. California Unemployment Insurance Appeals Board, 52 Cal. App.3d 405, 125 Cal. Rptr. 35 (1975); cf. Wilmington Country Club v. Unemployment Insurance Appeal Board, 301 A.2d 289 (Del. 1973) ("on call" bartender ineligible for periods when not called for work). For this reason we reverse the award of benefits for the period of April 9  May 1, 1982[1] when Ms. Plaza did not work because the hospital did not have any for her to do.
Reversed.
NOTES
[1] We do not consider any issue concerning January 25, 27, February 9, 10, March 13, 14, and May 19, 1982 because the commission has assured us that the hospital's account has not in fact been charged for any of these dates.