# Richmond

## NANCY R. GREEN

v.

## NOTTOWAY CORRECTIONAL CENTER, et al.

No. 1702-90-2

Decided November 19, 1991

COUNSEL

John M. Boswell (Boswell & Williamson, on brief), for appellant.

P. Dawn Bishop, for appellees.

**DUFF, J.**—Nancy R. Green (claimant) appeals from a review opinion of the Virginia Workers' Compensation Commission* holding that her award of compensation must be based on her average weekly wage at the time of her injury and not on what she was earning at the time of subsequent disability. We affirm.

The claimant sustained a compensable injury to her right knee on March 14, 1985, when she stepped on a piece of wood which twisted. She was off work for approximately six weeks and received compensation based upon her annual salary of $14,454. Subsequent to her return to work, she received promotions carrying with them an annual salary increase to $20,019. Under an award entered by the commission on October 26, 1989, claimant began receiving permanent partial disability payments for a twenty-five percent impairment to the right leg. Claimant subsequently filed an application on January 29, 1990, requesting that the permanent partial award be terminated, as she had again become temporarily totally disabled. She also moved for an adjustment of her average weekly wage to reflect the increase in her salary from the original date of injury in 1985 to what she was earning when she again became totally disabled. The parties agreed that she again became totally disabled on November 27, 1989.

The deputy commissioner, by an opinion dated June 7, 1990, recited the above facts and ruled against the claimant's motion for an adjustment of her average weekly wage. The full commission affirmed the deputy's opinion and this appeal followed.

■ Code § 65.1-6(A)(1) provides in pertinent part: "Unless the context otherwise requires, 'average weekly wages' means the earnings of the injured employee in the employment in which he was working *at the time of the injury* during the period of fifty-two weeks immediately preceding the date of the injury, divided by fifty-two. . . ." (emphasis added). We hold that this clear statutory language makes the date of the accident determinative, not the date of disability. Particularly is this true where, as in this case, the hearing was occasioned by the claimant filing a letter application for change in condition. She had experienced various

---

* Formerly the Industrial Commission of Virginia. Effective October 1, 1991, Title 65.1 was recodified as Title 65.2. All references in this opinion are to Title 65.1, in effect at the time the Commission's decision was rendered in this case.

earlier periods of disability and had been compensated based upon her wage at the time of her original injury. The fact that the parties reached an agreement as to her being totally disabled does not affect her rights, which were fixed as of the date of the injury.

However, Green contends that Code § 65.1-6(A)(1) supports her position. It reads in relevant part: "But when for exceptional reasons the foregoing would be unfair either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury."

■ We disagree that Green's situation constitutes an "exceptional reason" for altering the normal payment calculation. *Sisk v. Alfred Teves, Inc.,* 63 O.I.C. 310, 311 (1984), is consistent with the view we take of the case. In *Sisk*, the Commission noted that the General Assembly could have based the wage calculation on the time of the disability rather than the time of injury. It chose not to do so. Green's contention that the existence of a higher wage at the time of disability constitutes an "exceptional reason" to deviate from the norm ignores the double-edged reality that employees who have experienced a reduction in wages would be detrimentally impacted by the adoption of that contention. Such an interpretation would undermine, if not totally abrogate, the plain wording and intended focus of the payment provisions of the Workers' Compensation Act.

Moreover, in the years since the *Sisk* opinion, the General Assembly has not chosen to alter the interpretation of Code § 65.1-6 which was there enunciated. This acquiescence in the *Sisk* interpretation requires this Court to give great weight to that interpretation. *See Dan River Mills, Inc. v. Unemployment Compensation Comm'n,* 195 Va. 997, 1002, 81 S.E.2d 620, 623 (1954).

For the reasons stated, we affirm the commission's decision.

*Affirmed.*

Koontz, C.J., and Elder, J., concurred.