## CIRCUIT COURT OF FAIRFAX COUNTY

Azimi

    v.

Virginia
Employment
Commission et al.

January 2, 2001

Case No. (Law) 190430

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on December 1, 2000, for a hearing on Petitioner's appeal from the decision of the Virginia Employment Commission ("VEC" or "Commission".) declaring her ineligible for unemployment compensation for the period November 7, 1999, to March 4, 2000. For the reasons set forth below, the decision of the Commission is affirmed.

On March 10, 2000, a Deputy of the Commission determined that Petitioner was ineligible for unemployment compensation from November 7, 1999, through March 4, 2000. The Deputy found that, in her eligibility review held on March 1, 2000, Petitioner stated that she was only available for work between the hours of three o'clock p.m. until midnight due to her childcare needs. The Deputy, relying on Va. Code § 60.2-612(7), found that Petitioner was ineligible for unemployment benefits during the period because she had placed undue restrictions on the hours she was available to work. See Record of Proceedings (Record) at 32. On April 27, 2000, a VEC Appeals Examiner affirmed the Deputy's determination and found that Petitioner's restrictions on her availability were not usual and customary for the occupations (retail cashier positions) she sought. Therefore, the Appeals Examiner determined

that Petitioner did not meet the § 60.2-612(7) eligibility requirements for unemployment benefits. See Record at 43. On August 2, 2000, the Commission affirmed the decision of the Appeals Examiner.

In her appeal to this Court, Petitioner asserts three bases for a finding that the Commission erred as a matter of law when it found that she was not available for work under § 60.2-612(7). First, Petitioner claims that she never intended to "restrict" her employment availability, but rather "preferred" to work between the hours of three o'clock and midnight. Second, Petitioner argues that her efforts in inquiring about many jobs that entailed morning and full-time availability demonstrate that she met the requirements of § 60.2-612(7)(b). Finally, Petitioner claims that the Commission's finding of ineligibility due to her preference for afternoon work because of child-care requirements violates §§ 2.1-715, 2.1-716, and 60.2-618(3)(b).

In order to be eligible for unemployment benefits, the Commission must find, inter alia, that the unemployed individual is "able to work, is available for work, and is actively seeking and unable to obtain suitable work." § 60.2-612(7)(a). For an unemployed individual to be "available for work," the Commission must determine that she is willing to accept any suitable work and has not attached restrictions that are not usual or customary in the occupation but which he or she may desire because of her particular needs or circumstances. Unemployment Comm'n v. Tomko 192 Va. 463, 467-68, 65 S.E.2d 524 (1951). This Court is generally precluded from reviewing the Commission's findings of fact. Va. Code § 60.2-625 ("In any judicial proceedings under this chapter, the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.").

In her first argument in support of her appeal, Petitioner asks this Court to review and reverse not an error of law, but instead what are factual determinations made by the Commission. There are no allegations of fraud in this case, and the Record provides ample evidence to support the Commission's finding that Petitioner restricted her availability to work during the period in question. In her eligibility review, for example, Petitioner told the interviewer that she could not look for work before three p.m. She also signed a form in which she was asked "What hours and shifts do you prefer to work? What hours and shifts are you willing to work?" Her only answer to these questions was "3 p.m. to 9 p.m. 10 p.m." Record at 24-25.

In her hearing before the Appeals Examiner, Petitioner claimed that she misunderstood the Commission's forms and did not intend to restrict her employment availability. The Appeals Examiner did not find Petitioner's argument credible and determined that Petitioner restricted her availability.

Record at 42. The Commission, not the Court, is charged with resolving questions of witness credibility. *Britt v. Virginia Employment Commission*, 14 Va. App. 982, 986, 420 S.E.2d 522 (1992).

In her second argument, Petitioner contends that by applying for many jobs that required morning and full-time availability, she met the search requirements of § 60.2-612(7)(b). That portion of the statute contemplates how an individual may overcome a presumption of unavailability where the individual leaves her normal market area but conducts a *bona fide* search for work in another labor market area. In this case, the Record does not indicate that Petitioner left her normal market area or sought employment in another labor market; therefore, the Court finds § 60.2-612(7)(b) inapplicable.

Petitioner asserts in her third argument that the Commission's finding of ineligibility due to her preference for afternoon work because of child-care requirements violates §§ 2.1-715, 2.1-716, and 60.2-618(3)(b). Under § 2.1-716, an "unlawful discriminatory practice" is defined as "conduct which violates any Virginia or federal statute or regulation governing discrimination on the basis of race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, age, marital status, or disability." Petitioner does not identify, nor is the Court aware of, a statute or regulation that the Commission violated when it found her ineligible for benefits.

Furthermore, the Court finds § 60.2-618 inapplicable to this case. The Commission found Petitioner ineligible for benefits under § 60.2-612. A claimant must be eligible for benefits under § 60.2-612 before disqualification under § 60.2-618 need be inquired into. *See Dan River Mills, Inc. v. Unemployment Comp. Comm'n*, 195 Va. 997, 1000, 81 S.E.2d 620 (1954).

For the reasons stated, the decision of the Commission is affirmed.