## VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 6th day of March, 2025.*

Present: All the Justices

AMAZON LOGISTICS, INC.,                                                    APPELLANT,

 against        Record No. 230865
                Court of Appeals No. 0310-22-2

VIRGINIA EMPLOYMENT COMMISSION,                                        APPELLEE.

UPON AN APPEAL FROM A
JUDGMENT RENDERED BY THE
COURT OF APPEALS OF VIRGINIA.

Our rules of procedural default and associated principles, such as the approbate-reprobate doctrine, exist to protect basic notions of fair play in our adversarial system. Amazon Logistics, Inc. ("Amazon") wrongly asserts before us that it has always maintained one position throughout this litigation. Amazon attempts to win this appeal by arguing against its original legal strategy employed below, while claiming we should overlook its contradictions. Put more colloquially, Amazon now "zigs" when it previously "zagged." This stratagem, therefore, fails—as it must.

Upon consideration of the record, briefs, and argument of counsel, we are of the opinion that Amazon has waived its arguments in this appeal. Accordingly, the judgment of the Court of Appeals is affirmed.

### I.     BACKGROUND

This appeal arises from a dispute between Amazon and the Virginia Employment Commission (the "Commission"). Amazon claims, under the specific contract at play in this case, that delivery drivers in its "Flex program" are independent contractors for unemployment compensation purposes. The Commission disagreed and found they were employees.

Under the Unemployment Compensation Act, an employer can be subjected to the Commission's scrutiny in two ways.[1] First, the Commission may direct an employer to pay

---

[1] The Unemployment Compensation Act, codified in Title 60.2, is a public welfare measure enacted to "provide temporary financial assistance" to eligible unemployed individuals. *Unemployment Comp. Comm'n. v. Tomko*, 192 Va. 463, 469 (1951).

unemployment benefits after a prior employee files a benefits claim. Code § 60.2-619(E).[2] The employer may appeal the Commission's decision under Section 60.2-625, most often on the grounds that the individual is disqualified from receiving benefits "because he left work voluntarily without good cause." Code § 60.2-618(1). Second, the Commission may order an employer to pay unemployment taxes and file recurring payroll reports. *See* Code §§ 60.2-511 and -512. The employer may challenge this under Section 60.2-500 by asserting that it is not an "employer" for tax liability purposes or that the services performed for its business do not constitute "employment." Code § 60.2-500(A)1-2. This case concerns the latter.

A. THE AMAZON FLEX PROGRAM AND AMAZON'S HEARING BEFORE THE COMMISSION

Amazon Flex is an app-based program spearheaded by Amazon where participants sign up as a delivery "driver" for 3-to-4-hour time "blocks." Drivers use their own means of transportation and the Amazon Flex app downloaded on their smartphones to deliver Amazon packages or Amazon-subsidiary groceries.

One Flex driver, Donald A. Diggs, worked in the program between December 12, 2017, and October 16, 2018, but then transitioned to an Amazon warehouse position. Diggs then filed an unemployment-benefits claim with the Commission, which was denied because he had not established sufficient earnings. Diggs requested reconsideration of his denial and provided proof of income via 1099 forms issued by "Amazon.com." The forms reflected that Amazon had not deducted taxes from the earnings.

After learning of this, the Commission assigned the case to a tax representative to determine Amazon's tax liability and whether Amazon was required to report Diggs' earnings as wages. After an investigation, the tax representative issued a letter finding that Diggs and "similarly engaged" Flex drivers were Amazon employees.

Amazon appealed the decision and requested a hearing before the Commission. The Commission responded with a written notice confirming that "[Amazon] has requested a hearing pursuant to the provisions of Section 60.2-500."

On May 14, 2020, a special examiner conducted a hearing to determine Amazon's tax liability under Section 60.2-500 and whether "the services performed for or in connection with [Amazon's] business [] constituted employment."

---

[2] "Employer" in the unemployment benefits context is defined under Section 60.2-210. *See* Code §§ 60.2-614 and -210.

The term "employment" for tax liability purposes is defined by Section 60.2-212(C), which uses the Internal Revenue Service's ("IRS") standards to determine whether an individual's services for a business qualify as employment.[3]  At the time of the hearing, Section 60.2-212(C) incorporated the IRS's 20-factor test.[4]  The IRS's 20 factors determined whether a putative employer "exercise[d] sufficient control over the individual for the individual to be classified as an employee."  Rev. Rul. 87-41, 1987-1 C.B. 296, at 4.[5]

The evidence at the hearing included an unsigned Amazon Flex contract (the "Agreement"), Amazon's liability questionnaire provided to the tax representative, the tax representative's determination letter, and the testimony of three witnesses: a senior manager at Amazon, Diggs, and the tax representative.

Amazon's senior manager testified that the terms of the Agreement and app-specific procedures applied equally to all Flex drivers who signed up for the program.  Diggs' testimony confirmed the manager's description of the Flex program, but provided additional details on the Flex driver experience, such as a performance review system and the training that new drivers received before starting the Flex program.  The tax representative revealed on cross-examination that he made numerous factual errors in reaching his decision, like confusing the manner of transportation that Flex drivers used and that he believed his decision was "limited to Mr. Diggs"

_____

[3] "Services performed by an individual for remuneration shall be deemed to be employment subject to this title unless the Commission determines that such individual is not an employee for purposes of the Federal Insurance Contributions Act and the Federal Unemployment Tax Act, based upon an application of the standard used by the Internal Revenue Service for such determinations." Code § 60.2-212(C).

[4] "Services performed by an individual for remuneration shall be deemed to be employment subject to this title unless the Commission determines that such individual is not an employee for purposes of the Federal Insurance Contributions Act and the Federal Unemployment Tax Act, based upon an application of the 20 factors set forth in Internal Revenue Service Revenue Ruling 87-41, issued pursuant to 26 C.F.R. 31.3306(i)-1 and 26 C.F.R. 31.3121(d)-1."  Code § 60.2-212(C) (2005).

[5] Effective July 1, 2020, the General Assembly amended Section 60.2-212(C), removing any reference to the 20-factor test, to state that "employment" determinations are to be based upon "the standard used by the [IRS]."  2020 Acts. ch. 1261.  The IRS now employs a new "test" which divides the 20 factors into three categories: behavioral control, financial control, and the type of relationship of the parties. IRS, Independent Contractor (Self-Employed) or Employee?, https://www.irs.gov/businesses/small-businesses-self-employed/independent-contractor-self-employed-or-employee (last visited Jan. 29, 2025).

despite his letter saying otherwise.

The special examiner concluded that Amazon exerted control "over its Flex drivers" and "the services provided by the claimant, Ronald Diggs, constitutes employment within the contemplation of Section 60.2-212 . . . and [the IRS] 20-factor test." The examiner further ordered Amazon to pay unemployment payroll taxes for "other individuals who performed services as Flex drivers, and who were also misclassified as independent contractors rather than as employees."

B. AMAZON'S SUBSEQUENT APPEALS TO THE CIRCUIT COURT AND THE COURT OF APPEALS

Amazon appealed to the circuit court, which affirmed the Commission's decision. The circuit court found that, under the standard of review set forth in Section 60.2-500(C), the record supported "the Commission's Decision that Amazon Flex Drivers are employees for purposes of tax liability" and "the finding that th[is] Decision applies to all Amazon Flex Drivers."

Amazon appealed again. A unanimous panel of the Court of Appeals affirmed the circuit court judgment, finding that, first, the evidence supported the "Commission's determination that Diggs was an Amazon employee." *Amazon Logistics, Inc. v. Virginia Emp. Comm'n*, 78 Va. App. 521, 545 (2023). And second, that extending the decision to all Flex drivers was proper because "the terms and conditions of the Agreement apply equally to all Flex drivers." *Id.* at 561.

At the Court of Appeals, Amazon asserted a new argument—that the decision must be vacated as to any Flex drivers who enrolled in the program after July 1, 2020, because the General Assembly amended the definition of "employment" under Section 60.2-212(C) to no longer include the IRS's 20-factor test. *Id.* at 562. The Court of Appeals held that Amazon waived this argument by failing to fully develop it in its brief. *Id.*

II.     ANALYSIS

Throughout the proceeding before the Commission, Amazon not only asked for a class-wide ruling on the classification of all Flex drivers, but also asserted that the evidence was sufficient to make such a ruling pursuant to Section 60.2-500. Amazon now asks us to reverse the Court of Appeals because the evidence was *insufficient* to support a class-wide holding. Amazon's brief, however, does not address the sufficiency of the evidence; instead, it is a catalog of constitutional and statutory violations allegedly committed by the Commission. We find,

4

therefore, that Amazon has waived those arguments under Rule 5:27 and the approbate-reprobate doctrine.  Therefore, despite the importance of the issue, we cannot reach the merits of this case.

A.  AMAZON FAILED TO ADEQUATELY BRIEF ITS SOLE ASSIGNMENT OF ERROR AND ITS ARGUMENTS ARE WAIVED UNDER RULE 5:27(D)

If an appellant fails to develop adequate argument in support of an assignment of error, the appellant waives that argument.  *Atkins v. Commonwealth*, 272 Va. 144, 149 (2006).  Amazon's sole assignment of error asserts that the administrative record was insufficient to support an employment classification holding that applied to all Flex drivers.  Amazon's brief, on the other hand, argues everything *but* a lack of sufficient evidence.

Rule 5:27 provides that an appellant's opening brief must contain "[t]he standard of review, the argument, and the authorities relating to each assignment of error."  Rule 5:27(d).  More specifically, if a brief assigns error on one ground, but then fails to specifically argue those grounds in the body of the brief, this Court considers the issue waived "as an inadequately developed argument supporting an assignment of error (colloquially called a bad-brief waiver) in violation of Rule 5:27(d)."  *AlBritton v. Commonwealth*, 299 Va. 392, 412 (2021).

"Usually bad-brief waiver applies to situations in which an appellant makes a cursory argument in support of an assignment of error and fails to provide sufficient legal reasoning, factual analysis, or citations to authority."  *Id.* at 412 n.12 (citation omitted).  But the waiver also "applies when the argument on brief, even if carefully crafted and legally persuasive, nonetheless has little, if anything, to do with the assignment of error."  *Id*.

Amazon's sole assignment of error asserts,

> The Court of Appeals erred in holding that the administrative record, developed in response to an individual claim based on a statute that requires an individualized analysis, supported a determination that all individuals providing delivery services via the Amazon Flex Program are employees and not independent contractors.

Appellant's Br. at 16.

Amazon clarified at oral argument that its appeal, and its assignment of error, centers on sufficiency grounds—that is, the record was insufficient to support an employment classification holding for the entire "class" of Amazon Flex drivers.  Oral Argument Audio at 13:39-14:05, 33:53-34:04, 36:10-36:49, 38:00-39:00.

Rather than supporting a sufficiency argument, Amazon's brief lists three ways that the Commission allegedly exceeded its prescribed statutory powers:

5

1. The Commission unilaterally "invoked" a Section 60.2-500 "class-wide" tax liability review rather than adhering to an "individualized" Section 60.2-625 unemployment benefits claim analysis. Appellant's Br. 19-32. According to Amazon, Section 60.2-500 and Section 60.2-625 are "distinct and non-interchangeable" standards of review. Appellant's Br. at 41.

2. The Commission violated Amazon's due process rights when it failed to "provide sufficient notice," "failed to afford Amazon sufficient process to build a record beyond Mr. Digg's unique circumstances," and "did nothing to correct Amazon's reasonable understanding that the proceeding was limited to Mr. Diggs." Appellant's Br. 17-18, 32-41.

3. The Commission's decision is inapplicable to Flex drivers not "similarly situated" to Diggs because the operative statute that Diggs' case relied on was amended by the IRS's recent change of the 20-factor test. Appellant's Br. 41-47.[6]

At bottom, Amazon's allegations against the Commission are unrelated to the claims of insufficient evidence.[7] Sufficiency of the evidence refers to whether "the evidence introduced is adequate to carry the applicable burden of proof." Kent Sinclair, The Law of Evidence in Virginia § 1-3[e], at 16 (8th ed. 2018). Amazon does not argue at any point how the evidence presented at the hearing (e.g., the Agreement, the witness testimony, Amazon's liability questionnaire, the tax representative's determination letter) was insufficient to support the Commission's decision. Amazon's only substantive discussion of the evidence is used to assert that Diggs is an inadequate "representative" plaintiff under federal class-action requirements. Appellant's Br. 36-38. But Amazon's argument centers on due process rights guaranteed under

---

[6] The Court will not consider Amazon's argument regarding the change in statute because Amazon failed to address the Court of Appeals' procedural holding on this issue in its assignment of error and therefore this argument is waived under Rule 5:17(c)(1)(iii).

[7] *See, e.g.,* Appellant's Br. 23 ("The Commission unlawfully transformed an individual benefits proceeding into an employer tax proceeding without adequate notice . . . ."); Appellant's Br. 22 ("The Commission failed to follow its own process here."); Appellant's Br. 26 ("[T]he Commission unlawfully extrapolated this individualized inquiry into a unit-wide conclusion for an entire class of Delivery Partners."); Appellant's Br. 29 ("[T]he Commission took inconsistent positions . . . ."); Appellant's Br. 30 ("The Commission cited no authority supporting the transformation."); Appellant's Br. 31 ("The Commission, moreover, has not explained its departure from its longstanding recognition in the case law.").

federal class-action law, not the sufficiency of the evidence under Virginia law.

Amazon's remaining argument—that the Commission's "invocation" of Section 60.2-500 rather than Section 60.2-625 improperly expanded the breadth of the decision—is irrelevant to the assignment of error.[8]

Sections 60.2-625 and -500 outline the processes to appeal an individual's unemployment benefits decision or an employer tax liability decision. Amazon argues that this Court should consider these statutes as separate and distinguishable claim-review frameworks that the Commission cannot "leapfrog" between to obtain a broader ruling. It is unclear to us how this argument relates to the evidence, if at all. At best, it seems this argument concerns the Commission's scope of authority under each statute, a distinct issue from the sufficiency of the evidence.

Furthermore, even if we viewed Amazon's assertions as sufficiency-of-the-evidence arguments, Amazon certainly cannot assert a sufficiency argument as the party who bears the burden of proof. "An argument that the evidence was insufficient[] . . . can only be made against (not by) the party with the burden of proof." *Wal-Mart Stores E., LP v. State Corp. Comm'n*, 299 Va. 57, 73 (2020); *see also Fortune v. Commonwealth*, 14 Va. App. 225, 227 (1992) ("In a trial without a jury, . . . where sufficiency of the evidence is challenged in *defense counsel's* closing argument it may properly be preserved for appeal." (emphasis added)).

Under both a tax liability proceeding and an individual unemployment benefits proceeding, the burden of proof rests on the putative employer seeking a decision from the Commission. *Virginia Emp. Comm'n v. A.I.M. Corp.*, 225 Va. 338, 346 (1983); *Brady v. Hum. Res. Inst., Inc.*, 231 Va. 28, 31 (1986); *Virginia Emp. Comm'n v. Porter-Blaine Corp.*, 27 Va. App. 153, 162 (1998). So, even if Amazon's arguments on brief supported its assignment of error—they do not—Amazon bore the burden of proof and cannot assert a sufficiency of the evidence argument.

Despite Amazon's efforts, its arguments on brief are simply not properly before us under Rule 5:27(d).

---

[8] Even still, we note on this record that there can be no question that Amazon knew, or should have known, that this was (and has remained) a Section 60.2-500 dispute. A party cannot continuously proceed under one statute but then, after two unsuccessful appeals, argue for the first time that the incorrect statute was used. This argument is also waived because Amazon never raised an objection before the Commission on the proper statutory standard, nor did Amazon assert this argument before the Court of Appeals. *See* Rule 5:25.

B. AMAZON WAIVED ITS ARGUMENTS BECAUSE IT HAS APPROBATED AND REPROBATED IN ITS POSITION ON APPEAL

Amazon's arguments additionally succumb to the "broader and more demanding" approbate-reprobate doctrine and are therefore waived. *Commonwealth v. Holman*, 303 Va. 62, 72 (2024) (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 709 (2010)).

A litigant cannot "approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory," or else such arguments are waived. *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009) (quoting *Cangiano v. LSH Bldg. Co.*, 271 Va. 171, 181 (2006)). Litigants cannot "'blow[] hot and cold' depending on their perceived self-interests." *Babcock & Wilcox v. Areva*, 292 Va. 165, 204 (2016) (citation omitted). They must "elect a particular position" and are thereafter confined "to the position that [they] first adopted." *Matthews v. Matthews*, 277 Va. 522, 528 (2009).

Amazon not only participated in a Section 60.2-500 process, it affirmatively sought a class-wide ruling from the Commission—that it should find all Flex drivers are independent contractors—and argued that the evidence would support such a ruling. The Commission agreed with Amazon's position that a class-wide ruling was appropriate, but found instead that all Flex drivers were employees. After losing before the Commission, Amazon tried to retroactively pivot away from its strategy. Amazon now argues that the record is insufficient to support a ruling that applies to all Flex drivers and that it only ever sought a limited decision for a singular Flex driver, Diggs. Such a contradictory shift in position to mitigate self-inflicted wounds violates the approbate-reprobate doctrine.

Reviewing the hearing before the Commission's special examiner, we conclude that Amazon is belatedly attempting to repudiate its original position. After all, Amazon opened its case by asserting that,

> *The evidence* at this hearing will show that the *individuals* in Virginia who contract with Amazon to provide delivery services to Amazon's customers, *including* Mr. Diggs, are independent contractors and not employees under the 20-factor test used in Virginia.

Amazon concluded its opening statement with, "In summary, the evidence you'll hear today shows that the delivery *partners* operate as independent contractors and not employees under Virginia law."

8

Amazon never argued during the hearing that Diggs' contract terms differed from other Flex drivers. Instead, Amazon argued that the unsigned boilerplate contract was sufficient to show that all Flex drivers are independent contractors.

During Amazon's closing argument, it asserted, for the first time during the hearing, a paradox for the Commission's consideration. Amazon reiterated that the evidence conclusively established that "*Mr. Diggs and . . . other delivery partners in Virginia* perform services for Amazon Logistics as independent contractors, not employees." Amazon then submitted to the special examiner that, if the Commission decided that Diggs was an employee, only then is there "no evidence" to support a conclusion "with respect to all of the other delivery partners in Virginia." In other words, Amazon posited that all Flex Drivers should only be bound by the decision that favors Amazon, otherwise the evidence should be discounted. Amazon now appeals because the Commission rejected this one-sided conditionality.

Examining the record, Amazon clearly asked for a ruling concerning all Flex drivers. Amazon's new assertion that it only sought a decision limited to Diggs, rather than Flex drivers as a class, is a prime example of a litigant approbating and reprobating its position; the arguments are therefore waived.[9]

C. THIS COURT WILL NOT APPLY THE ENDS OF JUSTICE EXCEPTION TO REACH THE
MERITS OF THIS CASE

Amazon further argues that this Court should reach the merits of this case by invoking the ends of justice exception. As explained below, our rules bar the application of the exception

---

[9] Nonetheless, we are aware of the transforming "gig economy" and the economic impacts produced by these changes, which compels us to point out that this order has a narrow application beyond this specific case. Obviously, nothing prevents any future putative employer from pursuing a case based on a change in the law or different substantive terms of an employment agreement, either of which may lead to a different result.

In fact, the Commission conceded at oral argument that, should Amazon's circumstances materially change since the issuance of the decision—for example, through either a change in the law or a change in the Flex contract—Amazon may request a new hearing under Section 60.2-500(A).

We also note that our refusal of Amazon's assignment of error concerning the application of the IRS employment classification test under Section 60.2-212(C) in this case does not carry with it any precedential effect. As we have previously stated, "unless the grounds upon which the refusal is based is discernible from the four corners of the Court's order, the denial carries no precedential value." *Sheets v. Castle*, 263 Va. 407, 412 (2002).

in this case; our inquiry stops there.

The ends of justice exception "allows an appellate court to consider a matter not preserved by objection in the trial court" to prevent a grave injustice "or the denial of essential rights." *Charles v. Commonwealth*, 270 Va. 14, 17 (2005). In other words, the exception applies where an issue is unpreserved due to counsel's failure to raise an objection, not where an appellant waives their issue through approbation and reprobation or inadequate briefing. *See Commonwealth v. Holman*, 303 Va. 62, 66 (2024) (ends of justice exception inapplicable where appellant approbates and reprobates); *Wright v. Commonwealth*, 292 Va. 386, 395 (2016) (declining to apply exception where appellant asserted arguments on brief not encompassed in the assignment of error).

Because Amazon asserted arguments that failed to support the assignment of error and approbated and reprobated its position, we are precluded from applying the exception to reach the merits of Amazon's assignment of error.

III.    CONCLUSION

For the reasons stated, we affirm the Court of Appeals' judgment. This order shall be published in the Virginia Reports and shall be certified to the Court of Appeals and to the Circuit Court of the City of Richmond.

A Copy,

Teste:

Clerk

10