Salem

# DEBBIE K. SHIFFLETT

v.

# VIRGINIA EMPLOYMENT COMMISSION, *et al.*

No. 1220-91-3

Decided March 10, 1992

COUNSEL

Debbie K. Shifflett, pro se.

Donald G. Powers, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Debbie K. Shifflett, claimant, appeals from a ruling of the Circuit Court for the City of Waynesboro upholding the determination of the Virginia Employment Commission that she voluntarily quit her employment without good cause. We affirm the judgment of the trial court.

On appeal, claimant asserts: (1) that no evidence supported the commission's findings of fact; (2) that the commission incorrectly interpreted and applied the law in ruling that she voluntarily left work; and (3) that the commission incorrectly interpreted and applied the law in ruling that she left her employment without good cause.

Pursuant to a review of claimant's appeal to the Virginia Employment Commission, the commission issued a decision containing the following findings of fact:

> The claimant was employed from June 20, 1986, through July 23, 1990. On July 23, 1990, the employer called the claimant and informed her that she was being given two weeks notice after which she would be discharged. She was asked to remain for two weeks to train her replacement who had already been hired. No warnings were given, nor was she given any preliminary indication that she was performing unsatisfactorily. After refusing to stay on the job and train her replacement, she cleaned out her desk, accepted final pay due her and left.

"[T]he Commission's findings of fact, if supported by evidence and in the absence of fraud, are conclusive." *Lee v. Virginia Employment Comm'n*, 1 Va. App. 82, 85, 335 S.E.2d 104, 106

(1985). Here, the evidence supports the commission's findings. It is undisputed that, when she was informed of her impending discharge, claimant demanded immediate payment of her accrued pay, including pay for two weeks of vacation she had not yet taken. After she received her pay, she did not again work for or receive compensation from her employer.

■ Under Code § 60.2-618(1), an individual is disqualified from receiving benefits if the commission finds that the employee is unemployed because he or she left work voluntarily and without good cause. As the commission noted in its decision in this case, it "has consistently held that a claimant leaves work voluntarily without good cause unless the reason for leaving is based upon some legal premise or is of such a compelling and necessitous nature as would leave her no other reasonable alternative than quitting her job." "It is well settled that where the construction of a statute has been uniform for many years in administrative practice, and has been acquiesced in by the General Assembly, such construction is entitled to great weight with the courts." *Dan River Mills, Inc. v. Unemployment Compensation Comm'n*, 195 Va. 997, 1002, 81 S.E.2d 620, 623 (1954).

■ We find no evidence that the circumstances of this case compelled and necessitated claimant's leaving. The commission has consistently held that an employee's refusal to work out a notice period, after being informed of a future discharge, is a voluntary leaving or an intervening cause of unemployment. *Wilson v. Bartlett Tree Expert Co.*, Commission Decision No. 28940-C (Sept. 28, 1987). The intervening cause rule has been applied consistently to both employees and employers. In *Boyd v. Mouldings, Inc.*, Commission Decision No. 23871-C (Sept. 13, 1984), an employee's voluntary leaving was turned into an involuntary dismissal when the employer rejected the employee's resignation notice and dismissed the employee effective immediately.

The commission found that claimant failed to substantiate her leaving with a show of good cause. Claimant was aware that her employer needed her to work for two more weeks in order to train her replacement, yet she chose not to work through the notice period. There is no evidence to substantiate the assertion that the circumstances were of such a compelling nature as to give claimant no choice but to leave her job. *See Lee*, 1 Va. App. at 85, 335

S.E.2d at 106. Consequently, the judgment of the trial court is affirmed.

*Affirmed.*

Koontz, C.J., and Coleman, J., concurred.