COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


BRENDA BOWER
                                        MEMORANDUM OPINION[*]
v.   Record No. 2373-94-3                    PER CURIAM
                                         JUNE 27, 1995
VIRGINIA EMPLOYMENT COMMISSION
AND
ROANOKE COLLEGE


                                  FROM THE CIRCUIT COURT OF
THE CITY OF SALEM
                     Roy B. Willett, Judge

          (Burton L. Albert, on brief), for appellant.

          (James S. Gilmore, III, Attorney General;
          Patricia H. Quillen, Assistant Attorney General;
          Lisa J. Rowley, Assistant Attorney General, on
          brief), for appellee Virginia Employment
          Commission.

          (W. Fain Rutherford; Elizabeth L. Niles; Woods,
          Rogers & Hazelgrove, on brief), for appellee
          Roanoke College.



     The Virginia Employment Commission (VEC) found that Brenda

Bower was terminated for misconduct and was not entitled to

unemployment benefits.  Bower appeals the judgment of the trial

court affirming that decision and contends that the VEC erred

when it determined that she was discharged for misconduct.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  Rule 5A:27.

---

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Under Code § 60.2-625(A), "the findings of the [VEC] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." See Shifflett v. Virginia Employment Comm'n, 14 Va. App. 96, 97, 414 S.E.2d 865, 865 (1992). "The VEC's findings may be rejected only if, in considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." Craft v. Virginia Employment Comm'n, 8 Va. App. 607, 609, 383 S.E.2d 271, 273 (1989). "Whether an employee's behavior constitutes misconduct, however, is a mixed question of law and fact reviewable by this court on appeal." Israel v. Virginia Employment Comm'n, 7 Va. App. 169, 172, 372 S.E.2d 207, 209 (1988).

The VEC found that Bower, the manager of the Roanoke College bookstore, received permission to purchase a used computer for the bookstore in June 1991. When the computer had operational problems in 1991, Bower took it to her son's place of business to have it repaired. Although Bower did not intend to steal the computer or to convert it to her personal use, the computer remained at her son's place of business for nearly a year and was used by employees at that business.

While completing an inventory in the spring of 1992, Bower listed the computer as faculty supply, despite the objection of her subordinate that the computer should be classified as a capital asset. The computer had been tagged as a capital asset.

2

College procedure placed the responsibility for conversion of assets at the cabinet level.

In January 1993, Bower was questioned by campus security concerning the missing computer. When Bower admitted that she had removed the computer, she was directed to return it. She returned the computer after her offer to purchase it was rejected. She was later terminated for removing property and falsifying records.

Under Code § 60.2-618(2), an employee who has been discharged for work-related misconduct is disqualified for unemployment benefits.

> [A]n employee is guilty of "misconduct connected with his work" when he deliberately violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer. Absent circumstances in mitigation of such conduct, the employee is "disqualified for benefits," and the burden of proving mitigating circumstances rests upon the employee.

Branch v. Virginia Employment Comm'n, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978).

Although the VEC found that the initial decision to remove the computer in order to seek repairs was a mistake in judgment, it found that Bower intentionally miscategorized the computer during the inventory and reported that the computer was physically present on campus when Bower knew it was not. As the

3

bookstore manager for over twenty years, Bower had a responsibility to ensure inventories were correctly completed. Her actions violated her employer's rules concerning inventories and were contrary to her employer's legitimate business interests.

While Bower argues in mitigation that she classified the computer as faculty supply to ensure the computer was properly accounted for, the evidence proved that the computer was a capital asset and should have been so designated. Bower's subordinate testified that erroneously listing the computer as faculty supply indicated that an additional computer existed. Moreover, Bower told campus security that the computer had been taken to her son's place of business in November of 1992, not 1991, creating the appearance that the computer had been on campus more recently than had been the case.

In light of the evidence presented before the VEC, we cannot say the record as a whole would lead a reasonable mind necessarily to a different conclusion than that reached by the VEC. Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>

4