COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


MARGARET S. SUITS

v.   Record No. 0227-95-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
VIRGINIA EMPLOYMENT COMMISSION,              SEPTEMBER 5, 1995
COLONIAL INVESTORS, LP,
AND WAFFLE AND EGG


            FROM THE CIRCUIT COURT OF RUSSELL COUNTY
                 Donald A. McGlothlin, Jr., Judge

          (Martin Wegbreit, Client Centered Legal Services of
          Southwest Virginia, Inc., on briefs), for appellant.

          (James S. Gilmore, III, Attorney General; James W.
          Osborne, Assistant Attorney General, on brief), for
          appellee Virginia Employment Commission.

          No brief for appellees Colonial Investors, LP and
          Waffle and Egg.


     The Virginia Employment Commission (VEC) denied Margaret S.

Suits' request for unemployment benefits.  On appeal from the

judgment of the circuit court affirming the denial, Suits raises

the following three issues:  (1) whether Suits had good cause to

leave her employment; (2) whether Suits took reasonable steps to

retain her employment; and (3) whether the employer's placement

of Suits at the front grill amounted to a constructive discharge.

 Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the judgment of the trial court.  Rule 5A:27.

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"[W]hen determining whether good cause existed for a claimant to voluntarily leave employment, the [VEC] and the reviewing courts must first apply an objective standard to the reasonableness of the employment dispute and then to the reasonableness of the employee's efforts to resolve that dispute before leaving the employment."  Umbarger v. Virginia Employment Comm'n, 12 Va. App. 431, 435, 404 S.E.2d 380, 383 (1991). However, the Courts are governed by the statutory directive that "the findings of the [VEC] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law."  Code § 60.2-625(A).  See Shifflett v. Virginia Employment Comm'n, 14 Va. App. 96, 97, 414 S.E.2d 865, 865 (1992).  "The VEC's findings may be rejected only if, in considering the record as a whole, a reasonable mind would necessarily come to a different conclusion."  Craft v. Virginia Employment Comm'n, 8 Va. App. 607, 609, 383 S.E.2d 271, 273 (1989).

## I.

The record supports the VEC's determination that Suits did not qualify for unemployment benefits because she did not have good cause to leave her employment.  Code § 60.2-618(1).  Suits was a new employee of a new business and had worked less than four and one-half days.  She voluntarily left her employment "because she felt uncomfortable and stressful" working at the front grill.  While Suits suffers from high blood pressure, which

2

is aggravated by stress, "[s]he was not advised by her physician to quit her job due to her health."

## II.

Moreover, the record supports the VEC's finding that Suits "did not pursue all reasonable alternatives to resolve the dispute before leaving her employment." Suits testified that she told both owners that she could not work at the front grill, but she admitted that she never talked to the owners to resolve what appeared to be conflicting instructions. She quit in the middle of her shift, without telling the night manager that she had problems working at the front grill, and walked out without informing the night manager.

## III.

Suits also alleges that her employer's decision to assign her to the front grill amounted to a constructive discharge. The evidence does not support this allegation. The VEC specifically rejected Suits' contention that the work to which Suits was assigned had become unsuitable. Therefore, the evidence does not demonstrate that her work assignment amounted to a constructive discharge.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.