COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


JPS CONVERTER & INDUSTRIAL CORPORATION

v.   Record No. 1584-95-3                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
VIRGINIA EMPLOYMENT COMMISSION               DECEMBER 19, 1995
AND
CHARLOTTE S. LAPRADE


              FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                 Kenneth M. Covington, Judge Designate

              (Robert O. King; E. Grantland Burns;
              Ogletree, Deakins, Nash, Smoak & Stewart,
              on brief), for appellant.

              (James S. Gilmore, III, Attorney General;
              Patricia H. Quillen, Assistant Attorney
              General; Lisa J. Rowley, Assistant Attorney
              General, on brief), for appellee Virginia
              Employment Commission.

              No brief for appellee Charlotte S. Laprade.



     JPS Converter & Industrial Corporation (JPS) appeals the

decision of the circuit court affirming a VEC finding that

Charlotte S. Laprade was entitled to unemployment compensation as

she was not fired for work-related misconduct.  On appeal, JPS

raises two issues:  (1) whether the court erred in ruling

Laprade's actions did not constitute misconduct under Code

§ 60.2-618(2); and (2) whether JPS condoned Laprade's misconduct.

     Under Code § 60.2-625(A), "the findings of the [VEC] as to

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Shifflett v. Virginia Employment Comm'n, 14 Va. App. 96, 97, 414 S.E.2d 865, 865 (1992). "The VEC's findings may be rejected only if, in considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." Craft v. Virginia Employment Comm'n, 8 Va. App. 607, 609, 383 S.E.2d 271, 273 (1989). However, whether an employee's behavior amounted to misconduct is a mixed question of law and fact reviewable by this Court. Israel v. Virginia Employment Comm'n, 7 Va. App. 169, 172, 372 S.E.2d 207, 209 (1988).

The VEC specifically found that, although Laprade, along with other employees, entered her supervisor's office, opened a note to her supervisor from another employee, and read the note, the evidence was insufficient to show that Laprade actually took or destroyed the note. The evidence established that the note was returned to the box of candy to which it had been attached. Later that day, Laprade noticed that the envelope containing the note was in the waste box. Laprade made no comment at the time, but that night, returned to the plant and left an unsigned note under the supervisor's door noting that a gift for the supervisor had been thrown away. Additionally, the VEC found that Laprade was not the only one with access to the supervisor's office during the day of the incident.

2

Approximately eight months later, Laprade commented to her supervisor that she was the author of the unsigned note. Three months later still, Laprade was involved in an argument with the co-worker who had brought the gift of candy. Following an additional inquiry, Laprade admitted that she had read the note. Laprade was subsequently fired for violating JPS'S policy prohibiting "unauthorized removal of company property or the property of fellow-employees, contractors, or vendors."

The VEC ruled that there was insufficient evidence that Laprade had thrown away the candy or the note. Furthermore, the VEC ruled that, while Laprade "exercised extremely poor judgement in reading the note and then not calling attention to the fact that it and the candy had ended up in the waste box," her actions "did not rise to the level of a deliberate and willful violation of the rules and standards of behavior expected of her as an employee."

## Evidence of Willful Misconduct

"A forfeiture of benefits will be upheld only where the facts clearly demonstrate 'misconduct.'" Kennedy's Piggly Wiggly Stores, Inc. v. Cooper, 14 Va. App. 701, 707, 419 S.E.2d 278, 282 (1992).

> [A]n employee is guilty of "misconduct connected with his work" when he deliberately violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer.

3

_Branch v. Virginia Employment Comm'n_, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978).  We cannot say that the record as a whole necessarily leads us to a conclusion different from that reached by the VEC.  Accordingly, we find no error in the rulings of the circuit court and the VEC that there was insufficient evidence of deliberate misconduct by Laprade.

Condonation

As the record supports the VEC's determination that there was insufficient evidence of willful misconduct by Laprade, we need not and do not address the additional finding that JPS's delay in taking any action against Laprade amounted to condonation.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.