COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Overton
Argued at Alexandria, Virginia


BESSIE L. WEBSTER
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1323-95-4      JUDGE NELSON T. OVERTON
                                         APRIL 2, 1996
VIRGINIA EMPLOYMENT COMMISSION AND
 STAFFORD COUNTY SCHOOLS


            FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                   James W. Haley, Jr., Judge

         Robin J. Mayer (Rappahannock Legal Services,
         Inc., on brief), for appellant.

         Lisa J. Rowley, Assistant Attorney General
         (James S. Gilmore, III, Attorney General;
          D. Patrick Lacy, Jr.; Curtis G. Manchester;
         Hazel & Thomas, on brief), for appellees.


     The Virginia Employment Commission (VEC) denied Bessie L.

Webster's request for unemployment benefits.  Webster appeals the

judgment of the circuit court affirming the commission's finding

that Webster voluntarily left her employment without good cause.

 Finding no error in the judgment from which she appeals, we

affirm.

     "When determining whether good cause existed for a claimant

to voluntarily leave employment, the [VEC] and the reviewing

courts must first apply an objective standard to the

reasonableness of the employment dispute and then to the

reasonableness of the employee's efforts to resolve that dispute

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

before leaving the employment." Umbarger v. Virginia Employment Comm'n, 12 Va. App. 431, 435, 404 S.E.2d 380, 383 (1991). However, the courts are governed by the statutory directive that "the findings of the [VEC] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Code § 60.2-625(A); see Shifflett v. Virginia Employment Comm'n, 14 Va. App. 96, 97, 414 S.E.2d 865, 865 (1992). "The VEC's findings may be rejected only if, in considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." Craft v. Virginia Employment Comm'n, 8 Va. App. 607, 609, 383 S.E.2d 271, 273 (1989).

The record supports the VEC's determination that Webster did not qualify for unemployment benefits because she did not have good cause to leave her employment. Code § 60.2-618(1). Webster worked as a custodian at a Stafford County School. During the course of her employment, she had experienced various medical problems, including pain in her heel, knee, and elbow. In March 1992 Webster saw her doctor because of continuing pain. Her doctor diagnosed a bone spur on her heel and tendinitis in her elbow, but he indicated that she could return to work the next day, and he did not advise her to quit. Nevertheless, Webster went to her principal and informed him that she could not continue to work because of medical reasons.

The circuit court affirmed the VEC's determination that

Webster left her job voluntarily without good cause because she demonstrated no medical reason sufficient to compel her to resign.  We cannot say that the record as a whole necessarily leads us to a different conclusion than that reached by the VEC.

<u>Affirmed.</u>