# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Myles Stempin

v.

Virginia Employment Commission
and Rappahannock Area
Development Commission

October 26, 2001

Case No. CL01-67

BY JUDGE JOHN W. SCOTT, JR.

This matter came before the Court for oral argument on September 26, 2001. Mr. Myles Stempin, hereinafter referred to as the "Petitioner" has appealed the decision of the Virginia Employment Commission, hereinafter referred to as the "Commission" that he was not eligible for unemployment benefits for the period between June 11 and June 24, 2000, because he was not "unemployed" during this period. Upon a consideration of the administrative record, the pleadings in this case and the arguments of counsel, this Court rules as follows.

The Petitioner and the employer, Rappahannock Area Development, entered into a written "termination of employment agreement" dated April 26, 2000. The agreement did not allocate severance pay to any particular period of time. The Petitioner ended his employment with Rappahannock Area Development on May 31, 2000.

Both parties agree that the Court's decision is based on an interpretation of § 60.2-229(A), Code of Va. (1950, as amended). This Section states in pertinent part:

[S]everance pay paid at the time of, or subsequent to, separation from employment shall be allocated to the last day of work unless otherwise allocated by the employer.

In this case, the written agreement between the Petitioner and the employer did not allocate the severance pay to a particular time. The Commission argues that the severance pay is allocated at the time it is paid by the employer, which may occur after the filing of a claim for benefits with the Commission. The Petitioner argues that giving this flexibility to the employer is extremely prejudicial to persons in the same situation as the Petitioner and would allow the employer to completely ignore the allocation of severance pay during negotiations with an employee, which would be tantamount to civil fraud.

The Court of Appeals of Virginia has held that the Employment Commission's interpretation of applicable statutes should be given "great weight." *Shifflett v. Virginia Employment Commission*, 14 Va. App. 96 (1992). In this case, the Commission's interpretation of the Statute is reasonable and supported by the administrative record. This Court recognizes that it is obligated to presume that the actions of the administrative agency are correct. The Petitioner has received, based on the allocation of severance by the employer, compensation at a rate much higher than the statutory minimum. The facts of this case do not support an allegation of actual or constructive fraud.

While there may be circumstances which may justify the concerns expressed by the Petitioner, those circumstances do not exist in this case. Given the fact that the Court is limited in its interpretation of the Statute to the facts in this administrative record, the Court finds that the decision of the Commission is affirmed.