Tuesday        28th

        May, 2002.


Physical Therapy Works, Inc.,                           Appellant,

  against       Record No. 2777-00-1
               Circuit Court No. CH99-463

Virginia Employment Commission and
 Carla A. Kinsman,                                      Appellees.


                    Upon a Rehearing En Banc

  Before Chief Judge Fitzpatrick, Judges Benton, Willis, Elder, Bray,
      Annunziata, Bumgardner, Frank, Humphreys, Clements and Agee


                Randolph A. Raines, Jr. (Ferguson, Rawls,
                MacDonald & Overton, on brief), for
                appellant.

                Lisa J. Rowley, Assistant Attorney General
                (Randolph A. Beales, Attorney General;
                Richard B. Zorn, Senior Assistant Attorney
                General; John B. Purcell, Jr., Assistant
                Attorney General, on brief), for appellee
                Virginia Employment Commission.

                No brief or argument for appellee Carla A.
                Kinsman.


        By memorandum opinion, a divided panel of this Court
affirmed the judgment of the trial court.  We subsequently granted a
rehearing en banc upon such appeal and stayed the mandate of the
panel decision.

        Upon rehearing en banc, it is ordered that the October 16,
2001 mandate is vacated, and we reverse the judgment of the trial
court for the reasons set forth in the panel dissent.

Judges Benton, Elder, Annunziata, Frank and Humphreys dissent for the reasons set forth in the majority opinion of the panel.

This order shall be certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

                                        Tuesday          20th

        November, 2001.


Physical Therapy Works, Inc.,                          Appellant,

  against       Record No. 2777-00-1
               Circuit Court No. CH99-463

Virginia Employment Commission and
 Carla A. Kinsman,                                     Appellees.


                Upon a Petition for Rehearing En Banc

                     Before the Full Court


        On October 25, 2001 came the appellant, by counsel, and

filed a petition praying that the Court set aside the judgment

rendered herein on October 16, 2001, and grant a rehearing en banc

thereof.

        On consideration whereof, the petition for rehearing en

banc is granted, the mandate entered herein on October 16, 2001 is

stayed pending the decision of the Court en banc, and the appeal is

reinstated on the docket of this Court.

        The parties shall file briefs in compliance with Rule

5A:35. The appellant shall attach as an addendum to the opening brief

upon rehearing en banc a copy of the opinion previously rendered by

the Court in this matter. It is further ordered that the


                            - 3 -

appellant shall file with the clerk of this Court twelve additional copies of the appendix previously filed in this case.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Frank and Humphreys
Argued at Chesapeake, Virginia


PHYSICAL THERAPY WORKS, INC.

MEMORANDUM OPINION[*] BY
v.      Record No. 2777-00-1        JUDGE ROBERT J. HUMPHREYS
                                    OCTOBER 16, 2001
VIRGINIA EMPLOYMENT COMMISSION AND
 CARLA A. KINSMAN


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Rodham T. Delk, Jr., Judge

Randolph A. Raines, Jr. (Ferguson, Rawls, MacDonald
& Overton, on brief), for appellant.

Lisa J. Rowley, Assistant Attorney General (Mark L.
Earley, Attorney General, on brief), for appellee
Virginia Employment Commission.

No brief or argument for appellee Carla A.
Kinsman.


Physical Therapy Works, Inc. (PTW) appeals a decision of the circuit court which, in turn, upheld a decision of the Virginia Employment Commission (Commission) awarding Carla A. Kinsman unemployment benefits. PTW contends that Kinsman voluntarily reduced her employment without good cause and is therefore barred from receiving unemployment benefits. For the reasons that follow, we affirm the decision of the circuit court and the Commission.

"Initially, we note that in any judicial proceedings 'the findings of the commission as to the facts, if supported by evidence

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.'" Israel v. Virginia Employment Comm'n, 7 Va. App. 169, 172, 372 S.E.2d 207, 209 (1988) (quoting Code § 60.2-625(A)). "In accord with our usual standard of review, we 'consider the evidence in the light most favorable to the finding by the Commission.'" Wells Fargo Alarm Svcs. v. Va. Empl. Comm'n, 24 Va. App. 377, 383, 482 S.E.2d 841, 844 (1997) (quoting Virginia Employment Comm'n v. Peninsula Emergency Physicians, Inc., 4 Va. App. 621, 626, 359 S.E.2d 552, 554 (1987).

PTW has not alleged an issue of fraud with regard to the facts of this matter. Furthermore, we find the facts as found by the Commission and adopted by the circuit court to be supported by the record.

Kinsman had been a home healthcare employee for PTW from July 6, 1996 through June 22, 1999. In her original employment capacity with PTW, Kinsman worked twelve months per year, on a full-time basis, providing care to older patients in their homes.

By the end of 1998, Kinsman determined that working full-time was too much for her and wanted to spend more time at home with her children. Kinsman became aware that there were other employees with PTW who were working on a ten-month per year basis, working with school age children during the time that the public schools were in session. PTW informed Kinsman that such a position was available to her, and Kinsman took the new position in January of 1999. At that

time, PTW removed her home health care clients and assigned them to other employees.

In her new position, Kinsman was given the option of being paid on a ten-month or twelve-month basis. She initially elected to be paid on the twelve-month basis, but soon found the portion of wages that would have to be withheld from her paycheck to allow her to receive pay during the summer months was more than she could afford. Accordingly, Kinsman requested to return to her previous position. After being told by PTW that this would not be possible, she requested and was granted a ten-month pay schedule, which would allow her to receive the same amount of money each month (with the exception of the summer months) that she had earned in her previous twelve-month position.

On June 22, 1999, Kinsman's work ended with the school year. Kinsman was aware at that time that PTW might have some available part-time work and she requested it; however, PTW informed Kinsman that there was no part-time work available. It was at that time that Kinsman filed her claim for unemployment benefits.

Kinsman was found eligible and qualified for benefits pursuant to the initial decision of the deputy commissioner. PTW appealed claiming that although Kinsman was eligible for benefits under the Unemployment Compensation Act, she was not qualified to receive benefits pursuant to Code § 60.2-618(1). The appeals examiner found that Kinsman had neither separated from work voluntarily, nor separated from work due to misconduct, and that she was therefore

- 7 -

qualified to receive benefits according to the statute at issue.  The full Commission affirmed the decision of the appeals examiner.

PTW then appealed the Commission's decision to circuit court pursuant to Code § 60.2-625.  After receiving further memoranda and oral argument by counsel, the court affirmed the Commission's decision, finding that PTW had failed to overcome its burden to demonstrate that Kinsman had voluntarily separated from employment and that Kinsman was thus qualified to receive benefits under Code § 60.2-618(1).

Code § 60.2-618 provides, in relevant part:

> An individual shall be disqualified for benefits upon separation from the last employing unit for whom he has worked thirty days or 240 hours or from any subsequent employing unit:
> 1.  For any week benefits are claimed until he has performed services for an employer (i) during thirty days, whether or not such days are consecutive, or (ii) for 240 hours, and subsequently becomes totally or partially separated from such employment, if the Commission finds such individual is unemployed because he left work voluntarily without good cause.

This statutory scheme for determining a claimant's qualification for benefits contemplates a shifting of the burden of proof between the claimant and the employer.  See Actuarial Benefits & Design Corp. v. VEC, 23 Va. App. 640, 644-45, 478 S.E.2d 735, 737-38 (1996).

> The claimant has the burden of proving he or she has met the eligibility conditions of Code § 60.2-612.  Once a claimant has met this burden, the burden shifts to the employer to prove that the claimant is disqualified.  Under Code § 60.2-618(1), a claimant is disqualified if "he left work voluntarily without good cause."  The burden is on the employer to prove that the

- 8 -

claimant left work voluntarily. If the employer proves that the claimant's separation was voluntary, the burden shifts again to the claimant to prove that he or she left employment for good cause. Thus, the issue of a claimant's cause for leaving arises only if the employer proves that the claimant left his or her job voluntarily.

Id. (citations omitted).

"Determining whether an employee voluntarily quit without good cause is a mixed question of law and fact reviewable on appeal." Snyder v. Virginia Employment Commission, 23 Va. App. 484, 491, 477 S.E.2d 785, 788 (1996). However, as there has never been a determination of "good cause," PTW challenges only the factual determination of whether Kinsman voluntarily separated from employment in January of 1999. We cannot say, based upon our review of the record, that the evidence as a whole would lead us to the conclusion that Kinsman voluntarily caused the separation in employment sufficient to create the need for unemployment benefits. Indeed, Kinsman continued to work for PTW for 30 to 40 hours per week until June of 1999, when the school year ended. When that time came, Kinsman was under the impression that part-time work would be available to her and she requested such work, but was told by PTW that part-time work was unavailable.

It was not until that time that Kinsman became at least partially separated from employment and eligible for unemployment benefits. Accordingly, as the factual determination of the Commission is supported by evidence in the record, it is conclusive. Further, we agree with the trial court's determination that PTW

failed to establish that a meeting of the minds existed between PTW and Kinsman as to Kinsman's status and, thus, that PTW failed to overcome its burden to prove that Kinsman voluntarily separated from her employment.  Therefore, the decision of the trial court, affirming the Commission determination, is affirmed.

<u>Affirmed</u>.

Bray, J., dissenting.

Because, in my view, the disputed award is inconsistent with the intent of the Unemployment Compensation Act (the Act), I respectfully dissent.

"The purpose of the Act is to provide temporary financial assistance to [employees] who become unemployed through no fault of their own." Unemployment Compensation Comm'n v. Tomko, 192 Va. 463, 469, 65 S.E.2d 524, 528 (1951). Thus, Code § 60.2-618(1) provides that "[a]n individual shall be disqualified for benefits . . . : (1) . . . if the Commission finds such individual is unemployed because he left work voluntarily without good cause." Id.

"Determining whether an employee voluntarily quit without good cause is a mixed question of law and fact reviewable on appeal." Snyder v. Virginia Employment Comm'n, 23 Va. App. 484, 491, 477 S.E.2d 785, 788 (1996). "The term 'voluntary' connotes '"[u]nconstrained by interference; spontaneous; acting of oneself . . . [r]esulting from free choice."'" Shuler v. Employment Comm'n, 9 Va. App. 147, 150-51, 384 S.E.2d 122, 124 (1989) (quoting Barnes v. Singer Co., 376 S.E.2d 756, 758 (N.C. 1989) (quoting Black's Law Dictionary 1413 (5th ed. 1979))).

Here, in accordance with the factual findings of the appeals examiner, "[Kinsman] approached the employer representative about changing her schedule from full-time to a modified schedule . . . because of the stress she felt with working with home health care clients and her desire to spend more time with her children." The

- 11 -

employer acceded to the request, assigning Kinsman to a task that permitted her to "have off . . . all school holidays, including the summer break," and reduced her compensation accordingly.

Clearly, therefore, Kinsman sought a reduction in compensable employment from twelve months to ten.  The employer obliged.  Thus, Kinsman voluntarily rendered herself unemployed for two months annually, conduct which precludes unemployment compensation benefits from her employer.  See Code § 60.2-618(1).

Accordingly, I respectfully dissent.