COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Humphreys and Powell
Argued at Richmond, Virginia


WENDY NEMETZ

MEMORANDUM OPINION[*] BY
v.      Record No. 0482-08-1              JUDGE CLEO E. POWELL
                                          DECEMBER 23, 2008
VIRGINIA EMPLOYMENT COMMISSION AND
   WEISBROD & PHILLIPS


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Joseph A. Leafe, Judge Designate

Jonathan H. Walker (Mason, Mason, Walker & Hedrick, on
briefs), for appellant.

Cheryl A. Wilkerson, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General; Jasen Eige, Deputy Attorney
General; Elizabeth B. Peay, Assistant Attorney General, on brief),
for appellee Virginia Employment Commission.

(Christina E. James; Kevin P. Shea, on brief), for appellee Weisbrod & Phillips.
Appellee Weisbrod & Phillips submitting on brief.


Wendy Nemetz ("Nemetz") appeals from a ruling of the Circuit Court of the City of

Hampton upholding the determination of the Virginia Employment Commission ("VEC") that

she voluntarily quit her employment without good cause. We affirm the judgment of the trial

court.

I. BACKGROUND

Nemetz worked as a legal assistant for Weisbrod & Phillips from October 2004 to March

3, 2006. One of her responsibilities was ensuring that appointments were properly entered into

the calendar of Steven Weisbrod ("Weisbrod"). On February 28, 2006, Weisbrod learned he was

---
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

late for a hearing that had not been entered in his calendar. When the error was discovered, Weisbrod became upset with Nemetz. At that time, Nemetz led Weisbrod to believe that she was going to quit. Weisbrod informed his partner, Carter Phillips ("Phillips") of Nemetz's pending resignation.

On March 2, 2006, Phillips informed Nemetz that he and Weisbrod accepted her resignation and her last day would be March 10, 2006. The next day, Nemetz overheard Phillips ask a co-worker why she (Nemetz) was at work that day. Phillips then made a comment using profanity. Shortly thereafter, Nemetz packed up her personal belongings, turned in her key to the office, and left. Nemetz did not return.

Nemetz filed for unemployment benefits with the Virginia Employment Commission ("VEC") on March 15, 2006. The VEC determined that Nemetz was disqualified from receiving benefits on the grounds that she voluntarily left employment without good cause. The Circuit Court for the City of Hampton affirmed the VEC's denial of unemployment compensation benefits.

## II. ANALYSIS

In any judicial review proceeding, "[t]he Commission's findings of fact, if supported by evidence and in the absence of fraud, are made conclusive [by Code § 60.2-625(A)], and the jurisdiction of the [] courts is confined to questions of law." Virginia Employment Comm'n v. Virginia Beach, 222 Va. 728, 734, 284 S.E.2d 595, 598 (1981).

"Under Code § 60.2-618(1), an individual is disqualified from receiving benefits if the commission finds that the employee is unemployed because he or she left work voluntarily without good cause." Shifflett v. Virginia Employment Comm'n, 14 Va. App. 96, 98, 414 S.E.2d 865, 866 (1992). In Shifflett, this Court affirmed the commission's finding that an "employee's refusal to work out a notice period, after being informed of a future discharge, is a

- 2 -

voluntary leaving, or an intervening cause of unemployment." Id. (citing Wilson v. Bartlett Tree Expert Co., Inc., Commission Decision No. 28940-C (Sept. 28, 1987)).

If, however, an employee gives two weeks' notice and the employer terminates her prior to the notice date, then the portion of the worker's involuntary unemployment is compensated. Code § 60.2-612(8); see also Actuarial Benefits & Design Corp. v. Virginia Employment Comm'n, 23 Va. App. 640, 650, 478 S.E.2d 735, 740 (1996).

Appellant argues that, in light of Code § 60.2-612(8), a broad application of Shifflett will create a completely incongruous rule of law favoring employers over employees. To correct this incongruity, appellant proposes that this Court apply Shifflett only to those situations where the employee is needed by the employer (e.g. to train a replacement), and the employee voluntarily terminates her employment. In all other situations, appellant would have this Court apply the inverse of Code § 60.2-612(8): if an employer gives the employee notice and the employee terminates her employment prior to the notice date, then the employee would become eligible for compensation after the notice date.

This Court cannot agree with appellant's proposition. Such a rule would run counter to the purpose of the Unemployment Compensation Act. In passing the Act, the General Assembly sought to "provide temporary financial assistance to employees becoming unemployed '*through no fault of their own*.'" Actuarial, 23 Va. App. at 649, 478 S.E.2d at 740 (citing Virginia Employment Comm'n v. Gantt, 7 Va. App. 631, 634, 376 S.E.2d 808, 810 (1989)) (emphasis added). Appellant's proposed rule, however, would provide temporary financial assistance to employees who become *voluntarily* unemployed.

Furthermore, "[i]t is well settled that where the construction of a statute has been uniform for many years in administrative practice, and has been acquiesced in by the General Assembly, such construction is entitled to great weight with the courts." Dan River Mills, Inc. v.

Unemployment Compensation Comm'n, 195 Va. 997, 1002, 81 S.E.2d 620, 623 (1954). As the VEC noted in its decision, the VEC "has consistently held that an employee's refusal to work out a notice period, after being informed of a future discharge, is a voluntary leaving, or an intervening cause of unemployment. Wilson v. Bartlett Expert Company, Commission Decision No. 28940-C (September 28, 1987)."

## III. CONCLUSION

It is undisputed that on March 2, 2006 Phillips informed Nemetz that March 10, 2006 would be her last day of work. Nemetz chose not to work until that time, but decided to leave on March 3, 2006 when she felt she was no longer welcome. Under this Court's ruling in Shifflett, the Commission properly found that Nemetz voluntarily left and is therefore not eligible to collect benefits. Accordingly, the judgment of the trial court is affirmed.

Affirmed.