Salem

SHIRLEY T. CRAFT

v.

VIRGINIA EMPLOYMENT COMMISSION

AND

AUGUSTA COUNTY SCHOOL BOARD

No. 0470-88-3

Decided August 29, 1989

COUNSEL

Frank A. Mika, for appellant.

Charles N. Bishop, Jr. for Virginia Employment Commission; Patrice Taylor Johnson; Edward A. Plunkett, Jr. (Poindexter, Plunkett & Johnson, P.C., on brief), for Augusta County School Board.

OPINION

**BAKER, J.**—Shirley T. Craft (Craft) appeals from a judgment of the Circuit Court of Augusta County (trial court) which affirmed the finding of the Virginia Employment Commission (VEC) that denied Craft's application for unemployment compensation following her discharge from her bookkeeping job at Wilson Memorial High School (Wilson Memorial), a public school under the authority of the Augusta County School Board (Board).

By letter dated July 24, 1986, Edward G. Clymore, Division Superintendent of the Augusta County public school system, notified Craft that she would be terminated, subject to her right of review by the Board. Craft requested and received a hearing before the Board. After reviewing the history preceding Clymore's letter and receiving auditor's reports concerning the condition — or lack thereof — of the records and work she was required but failed to perform, on September 4, 1986, "the Board upheld the dismissal of Mrs. Shirley Craft, Bookkeeper, Wilson Memorial High School on a vote of 7-0." After the Board's action, Craft applied to the VEC for unemployment compensation. Her claim was reviewed by a deputy, an appeals examiner, and the VEC, which denied her claim. On appeal to the trial court the VEC finding was affirmed.

■ The standard of review from an administrative agency requires that we determine whether there is substantial evidence that a reasonable mind might accept as adequate to support the finding of the trier of the facts. *See* Code § 9-6.14:17; *Virginia Real Estate Comm'n v. Bias*, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983). In unemployment compensation cases the VEC is the trier of the facts.

In its opinion the VEC made the following findings:

Craft had been employed by the Board for eight years as a bookkeeper. Her responsibilities required her to keep Wilson Memorial's books, handle the receipts, bank deposits and general ledger. Wilson Memorial's principal was first alerted to problems related to Craft's work in the summer of 1985, when he began to receive calls from the school's creditors who had not been paid. An internal audit conducted in July 1985 disclosed a number of problems. In August 1985, Craft met with the principal, who outlined what he would expect in the future, which included monthly reconciliation of accounts, changes in handling of purchase orders, and use of numbered receipts. In September 1985, a partial audit was performed and experienced Board accountants assisted Craft in getting accounts in order. Craft was made aware that a further audit was scheduled for June 1986. When the auditors arrived in June, Craft was out sick and had taken a number of the record books to her home. The auditors proceeded to examine the records which remained in the school office and discovered that the bills were in "total disorder." There was no list of the bills due; however, $1600 of unpaid bills were found, some dating back to March and April. The receipt books were partially pre-numbered and cancelled checks were scattered in several folders. One check listed as being void actually had cleared the bank; another listed as being for $200 had been changed to reflect $8.48, yet the $200 bill had been listed as being paid. When an outside accounting firm was employed to examine all the available records, several thousand dollars appeared to be unaccounted for and the bookkeeping problems were greater than had been anticipated. Between Craft's last day of work set forth in Clymore's letter to her and the date the Board confirmed her discharge, criminal charges were instituted against her.

The VEC's findings may be rejected only if, in considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion. *Id*; *Johnston-Willis v. Kenley*, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988); *see also Atkinson v. ABC Commission*, 1 Va. App. 172, 176, 336 S.E.2d 527, 530 (1985). Our examination of the record discloses that the findings of the VEC are supported by substantial evidence.

Code § 60.2-618(2) provides that the claimant-employee is disqualified from receiving compensation if the claimant was discharged from employment due to misconduct in connection with

work. Claimant was told how to keep the records and knew how to perform the duties required of her. We agree with the assessment of the evidence and conclusion made by the VEC in its final opinion:

> The employer has presented sufficient information to show that the claimant received warnings that her performance was inadequate, received specific recommendations on how to improve it, and was even offered assistance in achieving these goals. Despite this, she persisted in the course of conduct which resulted in the employer losing track of large amounts of money. This was not due to mere poor performance or errors in judgement on her part; rather, it represented her conscious choice to continue to perform inadequately without following instructions or asking for direction or assistance when problems arose, such as when the number stamping machine broke down. Since a preponderance of the evidence shows that her conduct was of such a nature and so recurrent as to manifest a willful violation of the standards of behavior expected of her as an employee, a prima facie case of misconduct has been made out.

> In an attempt to mitigate her conduct, the claimant has cited situations in which she had to do work for other employees when she had too much work of her own to perform. While such circumstances might explain occasional failures to meet deadlines, they cannot explain the total chaos in which the school's records were found just prior to her termination. It is concluded that the claimant's separation was due to misconduct in connection with her work, and she should remain disqualified for benefits under this section of the *Act*.

Craft further argues that it was error for the VEC to consider evidence that subsequent to her discharge she had been indicted and charged with embezzlement. The VEC found that if that evidence was before the appeals examiner it was not used to support the decision. Moreover, it is clear that the VEC did not consider such evidence in reaching its conclusion.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

Coleman, J., and Moon, J., concurred.