## CIRCUIT COURT OF THE CITY OF RICHMOND

Martha J. Southerland

v.

ABC Stores, III, Inc.,
d/b/a Miller and Rhoads, and
Virginia Employment Commission

March 13, 1991

Case No. N 3644-2

By JUDGE ROBERT L. HARRIS, SR.

The parties have come before the court on plaintiff's Petition for Judicial Review. After review, it is determined that the decision of the Commission was proper, being supported by the evidence.

In reviewing the decision of the Commission, "the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Virginia Code § 60.2-625(A). The findings of fact of the Commission are as follows.

Plaintiff was employed as a sales associate for Miller & Rhoads in its downtown Richmond store. Several weeks before her termination, she was called to the Personnel Office. She met with the Employment Manager, Eric Verschure, to discuss the garnishment of her wages. A garnishment summons had been served on the employer.

Plaintiff was on vacation between October 21, 1985, and October 25, 1985. On October 23, the plaintiff reported to the personnel office in order to have some insurance forms completed. She saw the secretary take them back to a particular office, and plaintiff began to leave the building. On her way out, realizing that she had

left her bus transfer in the envelope with the papers, she went back to the personnel office to retrieve it. Without asking permission, plaintiff simply walked into the office where she had seen the envelope taken and began to search for it on the desk located inside. In doing so, she knocked over a box of thumb tacks and spilled them on the floor. As she was trying to pick them up, the Employment Manager, Eric Verschure, came in and demanded to know what she was doing in his office. When she tried to explain that she was picking the tacks up off the floor, he told her not to bother with it and to get out. At this point, the plaintiff dumped all of the tacks she had picked up back on the floor and left.

The Employment Manager was upset over the fact that the claimant had entered his office without permission, had looked through the papers on his desk, and had then dumped tacks she was picking up back on the floor. He decided that a written reprimand was in order and had one drawn up.

The following day, the plaintiff returned to the store to get her completed insurance papers. The papers were not at the front desk where she expected them to be. Although plaintiff was then directed to go to the personnel office, she went to the office of Mr. Johnson, the downtown store manager. Mr. Johnson instructed her to go to the personnel office.

At the personnel office, plaintiff was ushered into an office where Mr. Verschure and Ms. Wolford, Personnel Manager, were waiting to meet with her. Mr. Verschure had the insurance papers but would not give them to plaintiff. Mr. Verschure directed plaintiff to sit. Plaintiff replied that she was not a dog or a child and walked out of the office to see Mr. Johnson. During plaintiff's second meeting with Mr. Johnson she was again directed to return to the Employment Manager's office. On her return to the personnel office, plaintiff was again instructed to sit down, and again she refused. Even though plaintiff understood that she was facing suspension from work if she did not do as instructed, plaintiff left without complying with the instructions.

When she returned to work on October 28, 1985, after her vacation, she was informed of her discharge.

Plaintiff contends that *Craft v. Virginia Employment Commission, et al.*, 8 Va. App. 607, 383 S.E.2d 271 (1989), compels the application of a "substantial evidence" test to the judicial review of a decision of the Commission. Although I feel that the substantial evidence test of *Craft* does not apply to § 60.2-625(A), substantial evidence does support the decision of the Commission.

An employee is disqualified from unemployment compensation if discharge from employment results from misconduct in connection with work. Va. Code § 60.1-58(B) (repealed 1987). Misconduct occurs when an employee:

> deliberately violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent a to manifest a willful disregard of those interests and the duties and obligations he owes his employer . . . . Absent circumstances in mitigation of such conduct, the employee is "disqualified for benefits," and the burden of proving mitigating circumstances rests upon the employee.

*Branch v. Virginia Employment Commission*, 219 Va. 609, 611-12, 249 S.E.2d 180, 182 (1978) (citing 76 Am. Jur. 2d *Unemployment Compensation*, § 52 (1975)).

The Commission concluded that plaintiff was insubordinate in that she failed to follow the reasonable instructions of or show reasonable respect for one in a supervisory capacity. Both parties have accepted the Commission's definition of insubordination, and the conclusion that insubordination is misconduct as defined in *Branch, Id.* The employer had the initial obligation of establishing a prima facie case by showing insubordination. After misconduct was proved, the burden of proof shifted to the employee to show mitigating circumstances. *Virginia Employment Commission v. Gantt*, 7 Va. App. 631, 376 S.E.2d 808 (1989).

Plaintiff alleges that there is insufficient evidence to support the conclusion that plaintiff knew Eric Verschure, the Employment Manager, had supervisory authority over her. Ample evidence was presented to support the

conclusion of the Commission. Three weeks before termination, plaintiff personally met with Verschure regarding the garnishment of her pay check. Plaintiff's testimony that she did not know the Employment Manager had supervisory capacity was not credible.

Mitigating factors are claimed by plaintiff. She testified that Mr. Johnson, the downtown store manager, contradicted Mr. Verschure's instructions. She claimed that Mr. Johnson informed her that the meeting with Mr. Verschure would wait until she returned from vacation. Mr. Verschure testified that Mr. Johnson called him for an explanation of plaintiff's situation. During that conversation, Mr. Johnson instructed him to attempt to administer the write-up and to give plaintiff the insurance form Mr. Johnson did not testify.

Plaintiff's conduct was not mitigated even if Mr. Johnson informed plaintiff that she did not need to accept the written reprimand on October 24, 1986. She deliberately dumped the tacks in the Employment Manager's office when asked to leave his office. Further, she spoke in a loud, rude manner to Mr. Verschure and Ms. Wolford prior to plaintiff's second conversation with Mr. Johnson. After Mr. Johnson told her she did not have to accept the written reprimand at that time, her behavior was so excessive as to be unjustified. She stood in the hall, where other employees could hear, and spoke to Mr. Verschure in a loud, rude and unprofessional manner.

Other alleged mitigating factors are the failure to give plaintiff advanced notice of the meeting and the fact that her ride was circling the store waiting for her. These factors do not mitigate plaintiff's insubordination. I agree with the Commission's conclusion that she spent more time going back and forth to Mr. Johnson's office than it would have taken to accept the written reprimand. She could have voiced her objections in an appropriate manner or requested another meeting to discuss her objections. Plaintiff's conduct was not mitigated.

The employer met its initial burden of proof by presenting sufficient evidence of insubordination. The finding of the Commission that plaintiff's conduct was not mitigated was similarly supported by sufficient evidence.