## CIRCUIT COURT OF THE CITY OF RICHMOND

Virginia Commonwealth
University

v.

Peng W. Hsia
and Virginia Employment
Commission

June 27, 2007

Case No. CL07-951

By Judge T. J. Markow

Petitioner, Virginia Commonwealth University (VCU), is appealing the Virginia Employment Commission's decision, which found that Respondent, Peng W. Hsia, qualified to receive unemployment benefits because his termination was not due to misconduct connected to work. Va. Code § 60.2-618(1). Petitioner now seeks relief from the Commission's decision pursuant to Va. Code § 60.2-625. The court took the matter under advisement following oral argument on June 12, 2007.

In undertaking judicial review of a Commission decision pursuant to Va. Code § 60.2-625(A), the courts must consider the evidence in the light most favorable to the finding by the Commission. *Virginia Employment Commission v. Peninsula Emergency Physicians, Inc.*, 4 Va. App. 621, 626, 359 S.E.2d 552, 554 (1987). If supported by the evidence and in the absence of fraud, the Commission's factual determinations shall be conclusive. Va. Code § 60.2-625(A). The Commission's finding "may be rejected only if, in

considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." *Craft v. V.E.C.*, 8 Va. App. 607, 609, 383 S.E.2d 271, 273 (1989).

On August 5, 2005, Dr. Hsia was terminated for violating the VCU Faculty Promotion and Tenure Policies and Procedures, specifically sections 11.1c moral turpitude, 11.1d violation of academic or professional conduct, and 11.1e unprofessional conduct that significantly adversely affects the functioning of the department, school, or University. Violation of any one of these three subsections would be grounds enough for termination, under the Tenure Policies.

Dr. Hsia admitted that he had adulterous sexual relations with a female student in May of 2000, in her on-campus dormitory; a relationship which continued on campus until her graduation in September 2001, and beyond her graduation, off campus. This student was under the direct supervision of Dr. Hsia, in his capacity as a professor and as her thesis advisor.

In June 2004, the student filed a sexual harassment complaint against Dr. Hsia. In her sworn affidavit, she stated that Dr. Hsia had forced himself upon her in both his office and in her dorm room. She had been a virgin at the time. She claimed that he took nude photographs of her and refused to destroy them. According to her affidavit, she became pregnant by her professor and eventually terminated the pregnancy. She also reported that he continued to harass her and her husband, threatening to rescind her degree and to report her to the FBI for taking pentobarbital from his lab. She further stated that she believed that she could not remove herself from the situation while she was still under his tutelage and while he was overseeing her thesis.

Dr. Hsia submitted a very detailed schedule of his version of the development of the relationship between himself and his student. He recounted specific verbal and physical encounters, including sexual intercourse in a hotel room and in the student's dorm room. He reported that she sent him nude photographs of herself and that he deleted them upon her request. Throughout his report he maintains that each encounter was consensual and that most encounters had been instigated by his student.

Following Dr. Hsia's termination from VCU, Deputy Young, of the VEC, determined that the misconduct for which Dr. Hsia was terminated did not disqualify him from receiving benefits, as it was not misconduct in connection with work. The Deputy's decision was appealed, by VCU, to the Appeals Examiner of the VEC.

The decision of the Appeals Examiner of the VEC reversed the Deputy's decision and found that Dr. Hsia was guilty of breaching the trust that had been placed in him by the University to "teach and nurture students

and further to uphold the integrity and reputation of the University." *Virginia Commonwealth Univ. v. Hsia*, VEC Decision No. UI-0516076 (2005). The Appeals Examiner discussed in his decision that, while the student reported the encounters as sexual harassment, Dr. Hsia reported them as consensual. *See id.* The Appeals Examiner also found that, because the student was from a foreign country, she was particularly vulnerable to the Professor's position of power and was unlikely to be familiar with the customs of this country. *See id.* Additionally, the Appeals Examiner found that "everyone who saw the [professor in the dorm] knew what was going on in between them," in the student's room. *See id.* In the decision, the Appeals examiner held that, under the definition of "misconduct connected with work," as held in *Branch*, Dr. Hsia did not qualify for benefits. *See id.* (applying *Branch v. V.E.C. and Va. Chemical Co.*, 219 Va. 609, 611, 249 S.E.2d 180, (1978)). Dr. Hsia appealed this decision to the Commission.

When the Commissioner reviewed the Appeals Examiner's decision, part of the record he was able to review was the transcript of the Hearing before the Appeals Examiner. The Dean of the School of Engineering testified at this hearing. During his testimony, the Dean described how disruptive to the VCU academic community the relationship between Dr. Hsia and his student was. He explained that, "The fact that he and she were romantically involved was well known. It was the scuttlebutt of the Department of Biomedical Engineering and caused *great speculation about how grades were being earned.*" Transcript of Appeals Examiner Hearing, Dec. 8, 2005, at page 29 (emphasis added). The Dean also discussed concern over threats that the student reported Dr. Hsia made, regarding having her degree rescinded. *See id.* Additionally, the Dean explained that consent was not the issue of concern here, that rather, the conflict of interest was the major problem with the type of relationship in which Dr. Hsia was engaged; the conflict being that Dr. Hsia was a person in charge of grading the student, while he was maintaining a sexual relationship with her.

The Decision of the Commission reversed the Appeals Examiner's decision and held that Dr. Hsia is qualified for unemployment compensation because he was discharged for reasons other than misconduct connected with work. The main focus of the Commission's decision is VCU's sexual harassment policy, which discourages, but does not strictly prohibit sexual relationships between faculty members and students. In a cursory review of the facts, the Commission states that there was such a relationship between Dr. Hsia and a graduate student in the Biomedical Engineering Department and that there was an exchange of nude photographs of the student via e-mail after her graduation. The Commission's decision additionally reflects that Dr.

Hsia's position with VCU was terminated due to the moral turpitude clause in his contract, which he violated by committing adultery with one of his students.

The Commission fails to address the additional grounds, for which Dr. Hsia was terminated: sections 11.1d, violation of academic or professional conduct and 11.1e, unprofessional conduct that significantly adversely affects the functioning of the department, school, or University.

The Commission also fails to address several facts, which are crucial to this case. Nowhere in the Commission's decision can it be found that the student that Dr. Hsia was having an affair with was *his* student and under *his* direction in the development of her thesis, or that, during the course of their affair, he was *grading* her in his classes. Nowhere can it be found in the Commission's decision that the affair was being carried out in the *campus dorm*, where he would routinely sign in as a guest. Finally, nowhere in the decision can it be found the fact that other students were well aware of the relationship between Dr. Hsia and this particular student and that there was talk about the integrity of his grading as a result of this relationship. These facts were uncontested in the record, vital to an understanding of the work and school environment this relationship created, and, therefore, cannot be simply ignored.

The crux of Dr. Hsia's termination was the conflict of interest that Dr. Hsia created and to which he subjected his employer. Dr. Hsia's relationship with his student and the manner in which it was carried out created an environment that is inconsistent with the mission, objective, and goals of an academic institution, namely VCU. It is clear from the record that this situation created disruption and certainly that it had an affect on other students.

Misconduct connected with work has been clearly defined by the Virginia Supreme Court.

> In our view, an employee is guilty of "misconduct connected with his work" when he *deliberately* violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a *willful* disregard of those interests and the duties and obligations he owes his employer.

*Branch v. V.E.C. and Va. Chemical Co.*, 219 Va. 609, 611, 249 S.E.2d 180, (1978) (emphasis in original). The aggrieved employee in *Branch* was terminated and subsequently denied unemployment compensation for

misconduct connected with his work under Va. Code § 60.1-58(b); specifically, he violated a company rule that an employee whose wages are subject to three garnishments within twelve months of each other is subject to automatic termination.

The court in *Branch* explained that, "[o]rdinarily, the way an employee manages his debts is a personal and private matter unconnected with his work. It is a different matter, however, when he mismanages his debts in a manner which impairs the status or function of the employer-employee relationship to the employer's detriment." 219 Va. at 612, 249 S.E.2d at 183. This explanation directly correlates to the case at bar, in which the wrongs for which Dr. Hsia were terminated are issues that are usually contained within the personal realm. It was when Dr. Hsia's personal relationship, whether consensual or not, interfered with the University's goals and functions that his personal relationship became fodder for both termination, as well as the denial of unemployment compensation.

Based on the court's review of the record and the arguments made by the Attorney General's Office and the VEC at the hearing on June 12, 2007, the court finds that the Commission's determination is not supported by the record [and] that Dr. Hsia's employment was terminated for misconduct connected with work. He is not entitled to unemployment benefits.

For the above reasons, the January 26, 2007, decision of the Commission is reversed. Copies of this order are mailed this day to counsel of record.