## CIRCUIT COURT OF THE CITY OF RICHMOND

Joe N. Levister, II

v.

Virginia Employment Commission,
Heritage House of Virginia,
and Youth For Tomorrow, Inc.

June 5, 2009

Case No. CL09-213

BY JUDGE MELVIN R. HUGHES, JR.

This case is an appeal by a former employee whose application for unemployment benefits was denied by the Virginia Employment Commission (VEC). The denial is based on employee misconduct under Va. Code § 60.2-618(2). An applicant for unemployment benefit payments is disqualified for payment if the VEC finds work related misconduct, which includes deliberate violation of company rules. See Va. Code § 60.2-618(2).

At issue is whether the agency decision can be sustained when it is founded on hearsay evidence. The agency decision relies on a 360 page written unsworn statement of petitioner's former employer's supervisor, Guinn, whose sole interaction with petitioner led to his termination. Petitioner has moved for summary judgment which was heard and argued on April 28, 2009, and taken under advisement.

Heritage House, petitioner's former employer, is a privately owned residential and day support services facility for adults with mental retardation. Petitioner became employed with Heritage on March 24, 2008, and worked only five days until April 8, 2008, when he was terminated. Petitioner was hired as a part-time direct care staff member whose responsibilities included

providing personal and domestic care to residents, that is, doing laundry, assisting with meals, personal hygiene, etc.

The evidence and positions of the parties before the Commission can be summarized as follows. Heritage requires its employees to wear latex gloves when providing personal care, including showers, to residents. Except for a conflict in the date or days events leading up to termination, petitioner asserts, contrary to Heritage's position, that he was unable to assist in resident bathing and showers because properly fitting latex gloves were unavailable. He also denies, contrary to Heritage's assertion, that he said he felt uncomfortable administering showers to residents. Heritage, on the other hand, maintains that appropriately sized gloves were available to the petitioner when he needed them. Following petitioner's application for benefits and following various administrative appeal steps, which included at one stage an approval of benefits, ultimately the agency denied petitioner's request and this appeal ensued.

The Code of Virginia, § 60.2-63(A), governs hearsay evidence in Virginia Employment Commission proceedings. It provides:

> The manner in which disputed claims shall be presented, the reports required from the claimant and from employers, and the conduct of hearings and appeals before any deputy, appeal tribunal or the commission shall be in accordance with the regulations prescribed by the commission for determining the rights of the parties. Such regulations need not conform to the common law or statutory rules of evidence and other technical rules of procedure.

Thus, under this statute, the VEC appropriately accepted Guinn's statement into evidence even though it was hearsay.

Case law further acknowledges the admissibility of hearsay evidence in administrative proceedings. In *Baker v. Babcock & Wilcox Co. and Virginia Employment Commission*, 11 Va. App. 419, 425 (1990), the court recognized that hearsay evidence is admissible in VEC proceedings. However, the court refrained from deciding whether hearsay evidence alone can support the facts found by the VEC decision. In *Snyder v. Virginia Employment Commission and Blue Cross and Blue Shield*, 23 Va. App. 484 (1996) (which cites *Baker* and Virginia Code § 60.2-623), the court agreed that the VEC is not bound by the common law or statutory rules of evidence, but again refrained from deciding whether hearsay evidence alone can support a finding by the VEC on the ground that sufficient non-hearsay evidence was available. *Id.* at 487, 489.

The court has not been cited to nor has any case been found that discusses the appropriate weight to be given to hearsay evidence in a VEC proceeding. However, the court in *American Furniture Co. v. Graves*, 141 Va. 1 (1925), reviewed a proceeding under the Workman's Compensation Act. Although not a VEC case, the court's discussion of the weight of hearsay evidence under the Workmen's Compensation Act is worth noting. In *American Furniture Co.*, it was argued that the Commission, after hearing hearsay evidence, should have given it "no probative weight or value whatever in reaching its findings of fact, if the evidence, other than the hearsay statements, was not of itself sufficient to support the findings." *Id.* at 15. The court responded to the claimant's argument by stating:

> We cannot bring our minds to assent to the correctness of such a position. To do so would be to hold that the statute, in making the hearsay evidence admissible, did a useless and senseless thing. On the contrary, we think that is follows, inevitably, from the fact that the hearsay evidence is made admissible by the statute, that the Commission is given the discretion to give it some probative weight, and that is for the Commission to determine, and not for the court, what probative weight, if any, they should give it in arriving at the findings of fact. Manifestly, the court could not interfere with the exercise of such discretion without usurping powers which are conferred by the statute on the Commission, since the Commission is the sole tribunal provided, as aforesaid, to ascertain the facts.

*Id.* at 16. So, it appears in an administrative agency setting that the decision of how much weight should be accorded hearsay evidence is purely discretionary with the agency. When the evidence here, consisting of the petitioner's testimony, the employer representative' testimony and the written statement, is examined, the agency's "finding of fact, if supported by the evidence and in the absence of fraud, are conclusive." *Lee v. Virginia Employment Commission*, 1 Va. App. 82, 85, 335 S.E.2d, 104, 106 (1985). Here, there is no allegation of fraud and the weight given to the testimony and especially its credibility in this instance are reserved to the agency. *Virginia Employment Commission v. Gantt*, 7 Va. App. 631, 376, S.E.2d 808 (1989). Under the foregoing principles, matters of inconsistency in the evidence have been resolved by the agency and the question here is whether the evidence can support the outcome. The court cannot say that there is no evidence to support

the agency's decision and that a rational mind would out of necessity come to a different conclusion than that which obtained. *Craft v. Virginia Employment Commission*, 8 Va. App. 607, 383 S.E.2d 271 (1989).

Accordingly, the court will deny the petitioner's motion for summary judgment.