## CIRCUIT COURT OF THE CITY OF RICHMOND

Aubrey J. El

v.

Virginia Employment
Commission et al.

November 20, 2014

Case No. CL14-3508

BY JUDGE HERBERT C. GILL, JR.

This matter was brought before the Court on November 20, 2014, on Plaintiff's appeal from the final disposition of the Virginia Employment Commission ("VEC") denying his unemployment benefits. The Court called for the matter to be heard, and both parties offered oral argument. The Court took the matter under advisement, pending the issuance of this letter opinion.

The Court's capacity to review VEC dispositions is narrow and well-established. "In any judicial proceedings under this chapter, the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Va. Code Ann. § 60.2-625(A) (1996). Stated more thoroughly, "[t]his statutory standard of judicial review does not invite a reviewing court to examine the administrative record *de novo* and to reweigh the possible inferences that could be drawn from it." *Virginia Employment Commission v. Trent*, 55 Va. App. 560, 567 (2010). The Commission's findings may only be overturned "if, in considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion." *Craft v. Virginia Employment Commission*, 8 Va. App. 607, 609 (1989) (emphasis in original). "This deferential standard applies not only to the historical facts themselves, but also to the inferences implicated by those facts." *Trent*, 55 Va. App. at 568.

Having heard the parties at oral argument, reviewed the pleadings, and examined the administrative record as a whole, the Court will not overturn the decision of the VEC. The Court finds that the VEC's determination of facts is supported by the evidence, and, there being no questions of law raised by the Plaintiff, the decision of the VEC shall stand.

Most notably, the record demonstrates and the parties agree that Plaintiff used his government travel card to pay for a hotel room and take out a $400 advance from an ATM. Pl's. Mem. Supp. Appeal 3; R. at 323–24. The parties disagree, however, as to whether this was misuse of Plaintiff's government travel card. The employer offered written evidence to the VEC that Plaintiff was authorized an advance of $138.33. R. at 509. The advance taken by Plaintiff on his government travel card is clearly in excess of this authorization. The Plaintiff argued that this authorized advance did not account for all of his travel expenses and that he should have been authorized additional monies. R. at 262. He argued that, because he was stationed at a "temporary duty location" for an entire week, his authorized advance should have been determined based on a full week of travel, and not simply his transit from Richmond, Virginia, to the temporary duty location.

The VEC, in their final decision, thoroughly addressed this contested point. It stated:

> The Commission has carefully considered the arguments of both parties on this point. The claimant [Plaintiff] raises legitimate concerns. Since the claimant was away from his official duty station during the entire time, then perhaps under the regulations the employer should have placed him on a travel authorization for the entire time. However, ultimately, this issue is a distraction. This is because *the claimant did not have the authority to estimate his own travel expenses* or to change the agency's legal interpretations. If the claimant had concerns with the advance amount authorized by his travel authorization or the dates covered, his recourse was to approach the employer about this issue, not to unilaterally decide to make his own legal interpretations and cost estimations without having any authority to do so.

R. at 262 (emphasis added).

The VEC found that this unilateral interpretation was misconduct sufficient to deny Plaintiff unemployment benefits. R. at 262–63. Viewing the evidence in light of the standard outlined above, reasonable minds would not necessarily come to a different conclusion than the VEC. The VEC itself recognized that there were "legitimate concerns," and based their conclusion after receipt of voluminous evidence from both parties. R. at 262. The VEC's findings of fact were amply supported by this evidence and are, therefore, conclusive. Decision No. UI-113628 is hereby affirmed, and Plaintiff's appeal is dismissed.

Finally, Plaintiff did not make any allegation of fraud. Therefore, the Court will not revisit the VEC's finding of fact through the lens of fraud.